# ANDREW LIND, ADMINISTRATOR,

## v.

## ERNST BECK.

*Negligence—Personal Injuries—Fast Driving—Ordinance—Law of the Road.*

1.  The question of negligence in a given case is for the jury.
2.  Parties owe to each other the duty of exercising reasonable care in the use of streets.
3.  An ordinance regulating the speed of horses and vehicles at street

Lind v. Beck.

crossings and corners, is relevant upon the question of negligence, and should be admitted where the evidence tended to show that a defendant was driving upon a given occasion at a greater rate of speed than was allowable thereby.

4. In an action to recover for the death of a person, alleged to have been occasioned by the reckless driving of the defendant upon a public street, this court holds as erroneous, an instruction to find for the defendant, and that the judgment for the defendant can not stand.

[Opinion filed December 11, 1890.]

Appeal from the Circuit Court of Cook County; the Hon. S. P. McConnell, Judge, presiding.

Messrs. Russell H. Curtis and D. W. Manchester for appellant.

The settled rule in this State is, that a court can rightfully withdraw a case from the jury, and instruct them to find a verdict for the defendant, only when there is no evidence of some or all the material facts constituting plaintiff's cause of action. Surplusage need not be proved. Frazer v. Howe, 106 Ill. 563, at p. 573; Penn. Co. v. Conlan, 101 Ill. 93, at pp. 105–106; Hubner v. Feige, 90 Ill. 208, at p. 212; Chicago W. Div. R. Co. v. Mills, 105 Ill. 63, at p. 68.

It is the exclusive province of the jury, not of the court, to decide whether or not evidence shall be believed, and to draw conclusions from conflicting testimony. It is plaintiff's right to have the jury pass upon the credibility of his witnesses. Frazer v. Howe, 106 Ill. 563, at p. 574; Penn. Co. v. Conlan, 101 Ill. 93, at p. 106; Hubner v. Feige, 90 Ill. 208, at p. 212; Chicago W. Div. R. Co. v. Mills, 105 Ill. 63, at p. 68.

After the court has defined negligence in any suit, it is the exclusive province of the jury to apply such definition to the facts proved, and to decide whether or not defendant was negligent. Penn. Co. v. Conlan, 101 Ill. 93, at pp. 106–107; City of Chicago v. Keefe, 114 Ill. 222, at p. 228; Indianapolis, etc., R. Co. v. Morgenstern, 106 Ill. 216, 220; Myers v. R. R. Co., 113 Ill. 386, 389; Ill. Cent. R. Co. v. Haskins, 115 Ill. 300, 304; Chicago & A. R. Co. v. Dillon, 17 Ill. App. 355, 358; Peoria, etc., R. Co. v. Reed, 17 Ill. App. 413, 415.

The degree of care exercised by a deceased child need only be, to authorize a recovery by his administrator, such care as might be expected from his age and discretion. City of Chicago v. Keefe, 114 Ill. 222, 229; Railroad Co. v. Gladmore, 15 Wall. 401, 408.

Defendant's presence on the wrong side of the road at the time of a collision is evidence of negligence on his part. Burdick v. Worrall, 4. Barb. 596; Damon v. Inhabitants of Scituate, 119 Mass. 66.

It is the right of a pedestrian to cross a road or street at any point, not only at regular crossings but elsewhere. Simonds v. Gaynor, 89 Ind. 179; Raymond v. City of Lowell, 6 Cush. 524, 530; Cotterill v. Starkey, 8 Car. & P. (English) 691; Springett v. Ball, 4 Fost. & Fin. (English) 472.

Mr. EDMUND FURTHMANN, for appellee.

Whatever may be decided by the courts of other States, and whatever may have been the earlier decisions in this State concerning the circumstances under which a court is justified in directing a jury to find for the defendant, after the plaintiff has closed his case, the law is now well settled in this State.

In Simmons v. Chicago & Tomah Railroad Company, 110 Ill. 344, the court say: "There may be decisions to be found which hold that, if there is any evidence—even a scintilla—tending to support the plaintiff's case, it must be submitted to the jury. But we think the more reasonable rule, which has now come to be established by the better authority, is, that when the evidence given at the trial, with all inferences that the jury could reasonably draw from it, is so insufficient to support a verdict for the plaintiff, that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant."

In Doane et al. v. Lockwood et al., 115 Ill. 490, the court say: "Instructing the jury to find the issues for the defendant, is, in fact, the same thing as sustaining a demurrer to the evidence. In either case the court holds that admitting all the evidence tends to prove, it is not sufficient in law to sustain the action."

Lind v. Beck.

To the same effect is Bartelott v. International Bank, 119 Ill. 268, and Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416. In this case the court quotes, with approval, the opinion of the Supreme Court of the United States in Phœnix Ins. Co. v. Doster, 106 U. S. 30, as follows:

"Where a cause fairly depends upon the effect or weight of testimony, it is one for the consideration and determination of the jury, under proper directions as to the principles of law involved. It should never be withdrawn from them, unless the testimony be of such a conclusive character as to compel the court, in the exercise of a sound, judicial discretion, to set aside a verdict returned in opposition to it."

The above citations from recent cases constitute a fair exposition of what the law now is, in this State, upon the matter under consideration. The language used is plain and unequivocal. It needs no explanation or kaleidoscopic inspection. It reads the same from every point of view.

The refusal to admit the ordinance in question in evidence was not error in this case, because the ordinance had not been pleaded. 1 Chitty's Plead. 216, 220; Goshen & Sharon T. Co. v. Sears, 7 Com. 86; Ill. Central R. R. Co. v. Godfrey, 71 Ill. 500; C. W. D. Ry. Co. v. Klauber, 9 App. Ill. 619.

Moran, P. J. An action was brought by appellant to recover damages for the negligent killing of a boy about nine years of age. The boy was run over by a horse and grocery wagon driven by appellee. The evidence tended to show that appellee was driving north on Wells street, and when he came to the crossing of Chicago avenue he turned west into the street, keeping to the left hand on the south side of the street; that a horse car was standing on the track on Chicago avenue; that appellee drove through the space between said horse car and the south sidewalk at a rapid pace, and struck deceased, who was running across Chicago avenue toward the south, just after he passed the west end of the horse car, and dragged him along for some distance. From the injury received the boy died. When the plaintiff's evidence was closed, the court instructed the jury to find for the defendant.

We think a question was presented which required the case to be submitted to the jury. The defendant was driving on the wrong side of the street in violation of the law of the road. Eliott on Roads and Streets, 618, 620, Sec. 77, Chap. 121, R. S.

The mere fact that he was on the wrong side of the street would not, of itself, make him liable, if the negligence of the boy was of such a character as to relieve appellee under the rules of law; but whether the boy was guilty of negligence in running across the street behind the car as he did, and how his negligence, if any, compared with appellee's, were questions of fact for the jury to decide in view of all the evidence in the case.

Parties using the streets owe to each other the duty of exercising reasonable care. What is reasonable care in any given case is a question for the jury in view of all the circumstances of the case.

Where inferences of fact are to be drawn from evidence, they must be drawn by the jury. So, where the inference to be drawn is disputed, as where it may be contended that the facts will equally support one inference or another, the court is not at liberty to take the case away, but must submit it to the jury to determine which is the correct inference of fact to be drawn from the evidence. Rice v. Illinois Central R. R. Co., 22 Ill. App. 643, and cases there cited; Wight Fire Proofing Co. v. Roczekai, 30 Ill. App. 266.

The case should have been submitted to the jury under proper instructions.

On the trial in the court below a section of the ordinance of the city, regulating the speed of horses and vehicles at street crossings and corners, was offered in evidence by appellant, and was excluded by the court. As the evidence tended to show that appellee was driving at a greater speed than that allowed by the ordinance, the evidence was relevant upon the question of negligence, and should have been admitted.

For the error indicated the judgment will be reversed and the case remanded.

*Reversed and remanded.*