## Austin H. Thompson, Appellee, v. Springfield Consolidated Railway Company, Appellant.

EVIDENCE—*when exclusion of ordinance regulating speed error.* In an action to recover damages for an injury resulting from a collision with a street car by one driving in a buggy, it is error to exclude an ordinance providing that no person should drive any horse in or through any street of the city in which the collision occurred at a greater rate of speed than six miles per hour, the plaintiff in the action having admitted that at the time of the accident he was driving at a rate of speed in excess of six miles per hour.

Trespass on the case. Appeal from the County Court of Sangamon county; the Hon. GEORGE W. MURRAY, Judge, presiding. Heard in this court at the November term, 1907. Reversed and remanded. Opinion filed April 21, 1908.

W. J. LAWLER and A. F. BERNARD, for appellant; WILSON, WARREN & CHILD, of counsel.

JOHN C. SNIGG, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action by appellee for the recovery of damages to his horse and buggy occasioned by a collision of the same with one of appellant's streets cars through the alleged negligence of appellant's servants

in running said car at a high and dangerous rate of speed and in failing to give warning of its approach. A trial by jury resulted in a judgment against appellant for $350. Various grounds for reversal are assigned and urged, of which it will be necessary to consider but one.

Appellee admitted when testifying that immediately prior to and at the time of the collision, he was driving at a rate of speed in excess of six miles an hour. Counsel for appellant offered a valid and existing ordinance of the city of Springfield which provided that no person should ride or drive any horse in or through any street or avenue of the city with greater speed than six miles an hour, but the court refused to admit the same in evidence. This ruling of the court was reversible error. Brink v. Kinnare, 168 Ill. 643; Lind v. Beck, 37 Ill. App. 430.

The judgment must therefore be reversed and the cause remanded.

*Reversed and remanded.*