MICHAEL J. McFADDEN, Respondent, v. METRO-POLITAN STREET RAILWAY COMPANY and FRANK E. LOTT, doing business under the firm name and style of VIEWING KANSAS CITY AUTOMOBILE COMPANY, Appellants.

Kansas City Court of Appeals, January 22, 1912.

1. NEGLIGENCE: Street Railways: Personal Injuries. Plaintiff was a passenger on a "sight seeing" automobile and was injured by a collision of that vehicle with an electric street car at the intersection of two streets. *Held*, that both the chauffeur and the motorman were negligent and the demurrers to the evidence were properly overruled.

2. ————: Pleading: Joint Tortfeasors. Where a petition charges each of the defendants, sued as joint tortfeasors, with negligence that became an active agency in the production of the injury and that the negligent acts of each concurred and co-operated with the other, it is not objectionable on the ground that the facts alleged negative the charge that the injury was the result of any joint action.

3. ————: Evidence. It is error to reject evidence showing bias and prejudice of a witness by prior expressions of his feelings.

4. ————: Instructions. An instruction on the measure of damages which allows larger assessments for medical expenses, etc., than the evidence warranted, is erroneous.

Appeal from Jackson Circuit Court.—*Hon. R. B. Middlebrook*, Judge.

REVERSED AND REMANDED.

*Haff, Meservey, German & Michaels* for appellant, Frank E. Lott.

(1) Plaintiff's petition failed to state a cause of action. Stanley v. Union Depot Company, 114 Mo. 606. (2) The court erred in overruling defendant Frank E. Lott's demurrer at the close of plaintiff's testimony. Wolf v. Traction Co., 119 Ill. App. 481; Railroad v. Rood, (Ill. Sup. Ct.), 45 N. E. 238; Black v. Railroad, 187 Mass. 172, 72 N. E. 970; Potts v. Railroad, 33 Fed. 610; Lohner v. Railroad, 116 Ill. App. 365; Fagan v. Rhode Island Co., 60 Atl. 672; Railroad v. Gibson, 96 Pa. St. 83; 3 Thompson, Negligence, 2756; Cleveland v. Osborn, 63 N. E. 604; Hamilton v. Railroad, 114 Mo. App. 508; Orcutt v. Building Co., 201 Mo. 424. (3) The court erred in giving plaintiff's instruction No. 2. Patterson v. Railroad, 81 Pac. 531; Kay v. Railroad, 47 N. E. 751; Traction Co. v. Webb, 102 N. W. 258; Gibson v. Trust Co., 58 N. E. (Mass.) 278; Railroad v. Higgs, 76 N. E. 299; Harrison v. Railroad, 134 Cal. 549; Hawkins v. Railway, 28 Pac. (Wash.) 1021; Scott v. Wood, 22 Pac. (Cal.) 871. (4) Instruction No. 3, given on behalf of the plaintiff, was erroneous, in permitting the jury to find for the plaintiff in the sum of $350 for medical services. (5) The verdict was so excessive and unwarranted as to show passion and prejudice on the part of the jury. Chitty v. Railroad, 166 Mo. 435; Whalen v. Railroad, 60 Mo. 323; Adams v. Railroad, 100 Mo. 555; Nichols v. Crystal P. S. Co., 126 Mo. 55; Furnish v. Railroad, 102 Mo. 438; Lombard v. Railroad, 47 Iowa, 494; Slette v. Railroad, 53 Minn. 341.

*John H. Lucas* and *Clarence S. Palmer* for appellant, Met. St. Ry. Co.

(1) It was error to reject the testimony of witness Taylor showing bias of witness Hill. 2 Encyc.

of Evidence, 408; Norton v. Harris, 6 N. Y. 345; Starks v. People, 5 Denio 106; 1 Greenleaf on Ev. (16 Ed.), sec. 450; Starkie on Ev. (10 Ed.), 202; 3 Jones on Ev., sec. 829; Abbot's Trial Brief (2 Ed., Civil Jury Trials), p. 192; 2 Wigmore on Evidence, sec. 978; Schultz v. Railroad, 89 N. Y. 242; Waddingham v. Hulett, 92 Mo. 528. (2) The court erred in rejecting the testimony showing the experience of the motorman who had since died. Cook v. Parham, 24 Ala. 21; Montgomery, etc. v. Edwards, 41 Ala. 667. (3) It was error to exclude evidence that plaintiff made no claim for damages for nearly two years after the alleged injury. 1 Wigmore on Ev., sec. 284. (4) The court erred in giving instruction one on behalf of defendant Lott. Grout v. Railroad, 151 Mo. App. 330; Helker v. Railroad, 22 Wash. 319, 61 Pac. 40; Wilson v. Railroad, 77 S. W. 238; Markowitz v. Railroad, 186 Mo. 350. (5) Plaintiff's instruction No. 3 was erroneous in allowing the jury to find $350 for medical services. There was no evidence on which to base such instruction. (6) The verdict was excessive.

*Milton Schwind* for respondent.

(1) Plaintiff's instruction number three rightly limited recovery for medical services to the amount claimed in the petition. Tinkle v. Railroad, 212 Mo. 448. (2) At the close of plaintiff's testimony, there was a prima facie case made against defendant Lott. Olsen v. Railroad, 152 Mo. 426; McPherson v. Railroad, 97 Mo. 253; Eswin v. Railroad, 96 Mo. 294. (3) Plaintiff's instruction number two rightly put the burden on defendant Lott to exonerate himself of negligence. Clark v. Railroad, 127 Mo. 197; Och v. Railroad, 130 Mo. 52; Olsen v. Railroad, 152 Mo. 426; Redmon v. Railroad, 185 Mo. 9; Logan v. Railroad, 183 Mo. 583; McRae v. Railroad, 125 Mo. App. 562. (4) Defendant Lott's instruction K was properly re-

fused. One element in it was covered by plaintiff's instruction number one, and the other ignored the evidence as to sounding the gong. Beatty v. Clark, 110 Mo. App. 1; Moore v. Trans. Co., 193 Mo. 411 (7th Syl.); Chrismer v. Bell T. Co., 194 Mo. 189. (5) Plaintiff's instruction number seven is a correct statement of the duty of a common carrier as applicable to the evidence affecting defendant Lott. (6) The court rightly excluded the testimony of witness Taylor as an attempt to impeach witness Hill on a collateral issue. People v. Brooks, 131 N. Y. 321, 30 N. E. 189; Fearey v. O'Neill, 149 Mo. 467 (2nd Syl.); Roe v. Bank of Versailles, 167 Mo. 409. (7) The only material fact to which Hill testified was corroborated by the motorman of defendant street railway company, and was undisputed at the trial. (8) Evidence that the motorman was an old experienced motorman was not admissible, as character was not an issue. Gordon v. Miller, 111 Mo. App. 342; Grocer Co. v. Tagart, 78 Mo. App. 166. (9) The verdict is not excessive.

JOHNSON, J.—Plaintiff was a passenger of defendant Lott who operated an automobile for hire and was injured in a collision between that vehicle and an electric car operated by the defendant Street Railway Company on the Troost avenue line of its street railway system in Kansas City. Both Lott and the Street Railway Company were made defendants on the theory that negligence of each concurred in causing the injury. The petition alleges that "said defendant Frank E. Lott . . . was a common carrier of passengers for hire, operating a line of automobiles and particularly the automobile hereinafter specifically mentioned . . . and while said automobile carrying plaintiff and other passengers was moving north on Walnut street and approaching Tenth street, the employee of defendant operating said automobile carelessly and negligently permitted the

same to be struck and overturned by one of the street cars then and there being operated by the defendant Street Railway Company.''

The averments of negligence on the part of the Street Railway Company appear in the following extract from the petition: ''That the motorman in charge of said street car of defendant Metropolitan Street Railway Company was negligent in this; that he negligently failed and omitted to sound any signal or warning while approaching said Walnut street or while crossing the same. That he negligently started said street car after momentarily stopping the same at or about the time he entered upon said crossing without sounding any bell or other signal. That he negligently started said street car after momentarily stopping the same at or about the time he entered upon said crossing without giving reasonable or sufficient opportunity for vehicles or persons who might attempt to cross the track ahead of said car in safety. That he negligently failed to keep a vigilant and reasonable lookout ahead of said car while starting to cross and while crossing said street. That he negligently failed to keep said street car under reasonable control while crossing said Walnut street so as to be able to stop said car and avoid colliding with vehicles which might be attempting to pass along said Walnut street and across said track ahead of said car. That he could have stopped said car or slacked its speed consistent with the safety of the passengers on said car, in time to avoid a collision with the said automobile, after he saw, or in the exercise of reasonable care, could have seen said automobile approaching and starting to cross the track on which said street car was moving, and after he realized, or in the exercise of reasonable care should have realized that a collision would result if he did not stop or slacken the speed of said street car, and that he negligently failed to do so.''

Defendant Lott urges an objection made at the time of the trial that the petition does not state a cause of action against him. The theory of the objection is that the defendants are sued as joint tortfeasors, but the facts alleged conclusively negative the charge that the injury was the result of any joint action. This theory is founded on a misconception of the nature of the pleaded cause. Each defendant is charged with negligence that became an active agency in the production of the injury. It is true·each defendant acted independently of the other, so far as purpose or intention was concerned. Necessarily the doer of a negligent deed must act independently in that sense, but it could be true and the petition alleges the fact to be that while the negligence of each defendant was a proximate cause of the injury, each of said negligent acts concurred and co-operated with the other in the production of a single injurious result. The cause of action inuring to plaintiff from such result was joint and several. He might sue one or both wrongdoers and his allegation that their negligence was concurrent would not preclude his recovery against either defendant on proof that the negligence of that defendant alone caused the injury. There is an essential difference in principle between torts committed in pursuance of a conspiracy, understanding, or mutual purpose among the tortfeasors and torts not so characterized which commingle and co-operate in the production of a single result. The court properly overruled the objection to the petition.

The injury occurred in the morning of September 2, 1905, at the intersection of Tenth and Walnut streets in Kansas City. Defendant operates a double track street railway on Walnut street which runs east and west and a single track line on Tenth street. Plaintiff lived in Minneapolis, Minn., and, together with members of his family, visited Kansas City and, during

the visit, took a pleasure ride in a "sight seeing" automobile operated by defendant Lott. While the automobile was proceeding north along the east side of Walnut street and was crossing Tenth street, a Troost avenue street car eastbound on Tenth collided with and overturned it. Plaintiff, who attempted to escape injury by jumping, was caught by the top of the vehicle as it capsized, thrown down and pinned to the pavement. The testimony of plaintiff relating to the facts of the injury thus may be stated:

The street car which, in approachig Walnut street, had come up a steep grade was compelled to stop at the west line of Walnut street by the passage over the crossing of a heavy truck which was going south on the west side of Walnut street. A one horse laundry wagon, following in the wake of the truck, crowded in front of the street car, to the keen displeasure of the motorman who engaged in a wordy altercation with the laundryman. After the wagon had crossed the track and the motorman had started forward he continued the quarrel and, instead of looking ahead, turned his face in the direction of the retreating laundryman and vigorously maintained his side of a pungent verbal controversy.

The street car traveled approximately forty feet before it reached the place of the collision and the motorman did not look ahead until it was about to strike the automobile when, realizing the peril, he tried to stop by reversing the current. His car was running only four or five miles per hour but it was too close to the automobile to be stopped in time to avoid a collision. The automobile which was twenty or twenty-five feet long and which was running slowly, though a little faster than the street car, almost cleared the crossing but was struck on the rear wheel so lightly that, though overturned, it was only slightly damaged. There was a northbound Walnut street car standing near the south line of Tenth street and

the automobile passed east of that car but there was no obstruction to prevent the motorman of the Troost car and the chauffeur from seeing each other in ample time for either to have avoided the collision.  To sum up the testimony of the plaintiff without reciting its details, it tends to inculpate both motorman and chauffeur.  If the motorman had been attending to his proper business which required him to keep a close lookout while passing over a busy crossing in the business district of the city, he would have seen that the chauffeur purposed crossing ahead of the car and would reach the crossing first and easily could have stopped his car and prevented the collision had he reasonably exerted himself.  The street car had no paramount right to the crossing, no right of way over the automobile, nor did the latter conveyance have a superior right to that of the street car.  It was the duty of the operator of each vehicle to run it in a way not to endanger the safety of others rightfully using the public streets.  Concede that the chauffeur was negligent, the testimony of plaintiff still accuses the motorman of negligence, both of the kind known as ordinary negligence and that falling under the rules of the humanitarian doctrine, and as to neither class of negligence would that of the chauffeur defeat plaintiff's action against the defendant Street Railway Company.  Being a mere passenger in the automobile and in a position where he could exercise no control over the chauffeur, plaintiff was not bound by the negligence of the chauffeur, since under no rule of law might such negligence be imputed to him.  Consequently the negligence of the motorman that co-operated with that of the chauffeur in creating the perilous situation of plaintiff affords plaintiff a cause of action against the defendant railway company.  And if it be true, as the testimony of plaintiff tends to show, that the motorman, had he been in the exercise of reasonable care, would have

discovered the perilous position of plaintiff and prevented the injury, his failure to exercise such care would constitute negligence which, under the last chance rule, would entitle plaintiff to recover his damages even should the negligence of the chauffeur be imputed to him.

Of the negligence of the chauffeur there can be no question. He owed his passengers the highest degree of care and plaintiff's evidence tends to show he failed to measure to the standard of ordinary care. If he looked in the direction of the street car he must have observed the negligence of the motorman and a reasonably prudent person in his situation would have realized the danger of placing his passengers within striking range of a car that for all practical purposes was running wild.

The court did not err in overruling the demurrers to the evidence offered by the respective defendants.

The facts we have stated are drawn from the evidence most favorable to plaintiff. The evidence introduced by the defendants tended to convict each other of negligence and to exonerate the party offering the evidence. Taken as a whole the evidence presents several credible hypotheses of fact, viz.: First, the one to which we have referred that the motorman and chauffeur were both remiss and that their negligent acts concurred in causing the injury; second, that while the motorman was proceeding over the crossing at two or three miles per hour the automobile came up at twenty-five miles per hour and unexpectedly ran in front of the car, depriving the motorman of any opportunity of avoiding the collision; third, that the chauffeur gained the crossing without any indication on the part of the street car that his use of it would be contested, and, fourth, the further inference is deducible from the evidence that both street car and automobile were running at low speed and that the motorman had no reasonable cause to think the

chauffeur would go on the crossing until it was too late for the street car to be stopped in time to avoid the collision. Witnesses differed about the rates of speed of the two cars and about the distance in which each could be stopped at a given speed.

Plaintiff introduced as an expert witness a motorman formerly in the employment of the Street Railway Company who testified that the street car could have been stopped, at the speed given in the testimony of plaintiff, in from four to eight feet. The fact was elicited on cross-examination that the witness had been called as an expert in a number of other cases against the company and was asked if he had not made the statement with reference to another case that in the testimony he would give therein he "would burn up the company." He denied making such statement and afterward the defendant called to the stand the person to whom the statement was alleged to have been made and asked him, "During the course of that conversation I will ask if he stated in effect that he was going to be a witness against the Metropolitan and would 'burn it up'?" The witness answered, "He did, yes, sir." On motion of plaintiff this question and answer were stricken out and defendant company excepted. The ruling of the court was erroneous. The rule thus is stated in 1 Greenleaf on Evidence (16 Ed.), section 450:

"The partiality of a witness for one party or side, or his prejudice against the other side, is always regarded as bearing on the trustworthiness of his testimony. One way of showing the existence of such bias is his prior expression of such feelings. Thus, it is always allowable to inquire of the witness for the prosecution, in cross-examination, whether he has not expressed feelings of hostility towards the prisoner. The like inquiry may be made in a civil action; and if the witness denies the fact, he may be contradicted by other witnesses."

There is abundant authority supporting the rule. [2 Ency. of Ev., 408; Norton v. Harris, 6 N. Y. 345; Starks v. People, 5 Denio, 106; Starkie on Ev. (10 Ed.), 202; 3 Jones on Ev., sec. 829; Abbot's Trial Brief (2 Ed., Civil Jury Trials), p. 192; 2 Wigmore on Evidence, sec. 978; Schultz v. Ry., 89 N. Y. 242; Waddingham v. Hulett, 92 Mo. 528.]

Evidently the court overlooked the difference between evidence of statements of a witness tending to show bias or prejudice and evidence merely tending to disprove a statement of the witness relative to a collateral issue or fact. The only negligence of the defendant Railway Company submitted in plaintiff's instructions was negligence under the last chance rule and considering the sharp conflict in the evidence and the various inferences of fact offered by it to the jury the testimony of the witness attacked was highly important and the suppression of evidence tending to show his prejudice cannot be otherwise regarded than as highly prejudicial.

The objection of defendant Lott to plaintiff's instruction No. 2, is sufficiently answered by the decisions of the Supreme Court in Logan v. Railway, 183 Mo. l. c. 582, and Furnish v. Railroad, 102 Mo. 438, and by this court in McRae v. Railway, 125 Mo. App. 562.

Instruction No. 7, given at the request of plaintiff was erroneous in failing to restrict a passenger's right to recover against the carrier, for personal injuries, to negligence of the carrier which operated as a proximate cause of the injury. This instruction deals only with abstract propositions of law and should not have been given. Instruction "K" asked by defendant Lott was properly refused, since it assumed as proved a fact about which the evidence presented a substantial controversy.

The instruction on the measure of damages also is erroneous in allowing a larger assessment for medical expenses, etc., than the evidence warranted. This

last error could be cured by a remittitur but the other errors we have noticed were prejudicial and compel a new trial of the cause. Accordingly the judgment is reversed and the cause remanded.

All concur.