# Frank C. Weber Company, Defendant in Error, v. Stevenson Grocery Company, Plaintiff in Error.

## Gen. No. 20,414.

1. AUTOMOBILES AND GARAGES, § 2*—*when finding as to warning of intention to turn sustained.* A. finding in an action for damages for injury to an automobile truck, due to a collision between two automobile trucks, that the driver of plaintiff's automobile gave timely warning of his intention to turn north, after having proceeded in an easterly direction, *held* sustained by the evidence.

2. EVIDENCE, § 10*—*when ordinance judicially noticed.* Judicial notice may be taken of a city ordinance where there is an admission of the existence thereof by counsel.

3. ROADS AND BRIDGES, § 228*—*when driving on wrong side of street negligence.* The driving of a motor vehicle on the wrong side of a road is prima facie evidence of negligence.

4. ROADS AND BRIDGES, § 228*—*how "rule of the road" on turning corners determined in Chicago.* In determining what is the "rule of the road" in the city of Chicago for the passage of one motor vehicle by another upon turning at a street corner, both vehicles turning to go in a northerly direction after having proceeded in an easterly direction, the Rev. Mun. Code of Chicago, art. 3, sec. 216, relative to vehicles turning corners, and the Rev. Ord. of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Chicago, ch. 72, sec. 2493, relative to proceeding as close to the right-hand curb as possible, except when passing another vehicle, govern.

5. ROADS AND BRIDGES, § 228*—*when "rule of the road" violated in turning curve.* The driver of a motor vehicle is proceeding on the wrong side of the road in the city of Chicago when he drives to the left of the center of the street for two blocks in an easterly direction behind another motor vehicle which had just turned ahead of it around a corner, and upon signal being given by the first driver of his intention to turn north at a street corner, turns to the left and north and while attempting to pass, runs into the first vehicle, the first driver having all the time kept to the right.

Error to the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 17, 1915.

**Statement by the Court.** This is a suit brought in the Municipal Court of Chicago by defendant in error, hereinafter referred to as the plaintiff, for damages to plaintiff's auto truck sustained in a collision with defendant's auto truck, at or near the intersection of 115th street and Wentworth avenue, both streets being public highways within the city of Chicago. On the trial below the jury returned a verdict for the plaintiff, assessing its damages in the sum of $550 and costs, upon which the court entered judgment, to reverse which defendant has sued out this writ of error.

J. L. BAILY and FRANKLIN TWYMAN, for plaintiff in error.

ARNOLD D. McMAHON and JOSEPH A. GRABER, for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

Wentworth avenue runs north and south, 115th street east and west, Yale avenue is one block west, and Princeton avenue two blocks west of Wentworth. Wentworth avenue from curb to curb is thirty-three

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

feet wide, 115th street, thirty-eight feet. On 115th street there is one track located north of the center of the street. The distance from the south rail of said car track to the south curb is twenty-one feet, and the distance between the rails is five feet, leaving the distance from the north rail to the north curb eleven feet.

The evidence shows that plaintiff's truck was proceeding in an easterly direction on 115th street; that when about one hundred feet west of Princeton avenue, defendant's truck entered 115th street from Princeton avenue and proceeded also in an easterly direction on 115th street, to the left of the center of the highway. There is some conflict in the evidence whether the south wheels of defendant's truck were north of the south rail or south thereof. The evidence further showed that plaintiff's truck continued eastward and passed that of the defendant; that it proceeded eastward in the same direction and in about the same relative position that it was in while passing defendant's truck.

The evidence of the plaintiff shows that on its truck there was a driver and a helper, both sitting at the front end of the machine, protected by a canopy with the curtains tied in the back; that as the truck was nearing Wentworth avenue, the helper seated to the left held out his hand, signifying that a turn was going to be made towards the left and north into Wentworth avenue, and at the same time a whistle or horn was blown; that after the truck had passed the center of Wentworth avenue and had turned north so the driver of plaintiff's truck was facing almost due north, it was run into by defendant's truck, as a result of which it was forced up against the curb at the northeast corner and sustained the damages for which the judgment complained of was rendered.

The evidence of the defendant corroborates plaintiff with reference to the plaintiff's truck having passed

that of the defendant. Defendant's evidence further shows that its truck, after having been passed by that of the plaintiff, commenced to pick up speed; that it continued eastward in the same relative position it was in after making the turn into 115th street; that between Yale and Wentworth avenues it gained on the other truck so that its front wheels were opposite or, rather, overlapped the rear wheels of the plaintiff's truck; that this relative position was maintained until within twenty or twenty-five feet of Wentworth avenue; that plaintiff's truck made the turn into Wentworth avenue without giving any signal of its intention to do so; that thereupon defendant's truck endeavored to stop' but could not do so in time to avoid the collision; that to break the force of the collision it also turned north on Wentworth avenue, striking plaintiff's truck near the front wheels, forcing it against the curb at the northeast corner. The evidence of the defendant further showed that its driver also intended to turn north on Wentworth avenue.

The only real conflict in the evidence was as to whether or not the man in charge of plaintiff's truck gave a timely warning of his intention to turn north. Defendant contends that he failed to do so, and insists that it has so shown by the greater number of witnesses. The jury by their verdict evidently gave more weight to the evidence of the plaintiff, and in view of the conflict in the evidence on this point, we are unable to say that such finding was clearly and manifestly against the weight of the evidence.

Defendant further complains of instructions designated in the record as 1, 2, 3 and 4, claiming that in view of the conflicting evidence, the giving of these instructions was so prejudicial to the defendant as to constitute reversible error. These instructions have to do with what may be termed the "rule of the road." In determining what the law is as to the so-called rule of the road, we must take into consideration two

ordinances in force in the city of Chicago at the time of the accident, viz.:

"Sec. 216, Art. 3, Rev. Mun. Code of Chgo.—Vehicles turning corner: Before turning a corner on a street or public highway the driver or person in possession, charge or control of any vehicle being driven or propelled around such corner shall give a signal by raising his hand or whip so that such signal can be plainly seen from behind on such vehicle, and such signal shall be given in a manner which will plainly indicate the direction in which such vehicle is about to turn. In turning corners of the road vehicles shall turn to the right and center of the street; in turning corners to the left vehicles shall also pass to the right of the center of the intersection of two streets."

"Sec. 2493, Chap. 72, Rev. Ord. of Chgo., Code of 1911.—All vehicles shall keep as close to the right-hand curb as safety and prudence shall permit, except when overtaking and passing another vehicle, and except when running within the car tracks, as provided in section 2487 hereof. An overtaken vehicle must at all times be passed on its left side."

Although section 2493 *supra,* was not introduced in evidence, we may take *judicial* notice thereof, by reason of the admission of counsel that it exists. *City of Chicago v. Williams,* 254 Ill. 360.

Defendant contends that these instructions were erroneous: First, because they assumed that there was a wrong and a right side of the road and that the defendant drove its vehicle on the wrong side of the road; and secondly, that it was an incorrect statement of the law that to drive a motor vehicle on the wrong side of the road is prima facie evidence of negligence. In urging these contentions, defendant does not cite a single authority in support thereof. We, however, have made an extensive examination of the authorities bearing on this subject, and find that it is uniformly held that although driving on the wrong side of the road may not be conclusive evidence of negligence, yet it is prima facie evidence thereof. *Lind v. Beck,* 37

Ill. App. 430; *Cook v. Fogarty,* 103 Iowa 500, 39 L. R. A. 488; *Needy v. Littlejohn,* 137 Iowa 704; *Loyacano v. Jurgens,* 50 La. Ann. 441; *Damon v. Inhabitants of Scituate,* 119 Mass. 66; *Riepe v. Elting,* 89 Iowa 82, 26 L. R. A. 769.

Defendant relies in the main upon section 2493, *supra,* claiming that its truck was on the left-hand side of the road for the purpose of overtaking and passing the plaintiff's truck. But this assumption is negatived by defendant's own testimony, which shows that its vehicle entered 115th street on the left-hand side, about fifty feet in advance of plaintiff's, and continued on that side to Wentworth avenue, where the collision occurred. Plaintiff's truck, occupying the right-hand side of the road, had passed defendant's truck, which kept to the left side of the highway, shortly after the latter had entered 115th street. The two then ran parallel, with plaintiff's slightly in the lead. Notwithstanding there was ample opportunity to shift to the right-hand side, defendant's driver chose to remain continuously on the left side of the road after he had entered 115th street. To make defendant's contention tenable, we must assume that the man in charge of defendant's truck suddenly concluded to pass plaintiff's vehicle when they were both nearing Wentworth avenue, despite the fact that he intended to turn north. Such argument does not commend itself to this court. The only reasonable inference that can be drawn from these facts is, that the man in charge of defendant's truck voluntarily maintained his position on the left-hand side of the road, *contrary* not only to section 2493 but also to section 216 above quoted, the latter having reference to vehicles turning corners.

We can readily suppose a case where an instruction in the exact language employed by the court in the case at bar might be considered as not accurately stating the law, namely, a case wherein there is evidence from which the jury might reasonably conclude that

the position taken by a person on the left-hand side of the road was justified by reason of the driver's intention to overtake and pass another vehicle. But in view of the facts in the case at bar, no such conclusion could reasonably have beeen arrived at by the jury, and therefore we are of the opinion that the instructions were proper.

Finding no reversible error, the judgment will be affirmed.

*Affirmed.*