## CARTER *v.* CALDWELL.

[No. 22,837. Filed June 23, 1915.]

1. APPEAL.— *Demurrer to Complaint.— Questions Reviewable.*— Where a complaint for personal injuries, grounded on negligence of defendant in failing to drive his automobile to the right so as to give plaintiff one-half the traveled portion of the highway in passing, alleged that defendant drove his automobile so that one-half of its width was to the left of the center line of the road, a demurrer, accompanied by a memorandum stating that no facts were stated showing negligence on the part of the defendant, was insufficient to present the question that the complaint did not show that defendant had not given one-half the "traveled portion" of the highway, on the theory that the center of the traveled portion was not necessarily the center of the highway. p. 436.

2. APPEAL.—*Questions Reviewable.—Demurrers.*—An objection on demurrer to the sufficiency of a pleading will not be considered on appeal unless the memorandum filed with the demurrer is so framed as to call the attention of the trial court thereto. p. 436.

3. NEGLIGENCE.—*Automobiles.—Complaint.*—Under the act of 1909 (Acts 1909 p. 328) requiring the driver of an automobile, on meeting a person driving a horse on a public highway, to proceed at a speed not exceeding six miles per hour, it was negligence *per se* to drive an automobile under such circumstances at a speed in excess of six miles per hour; hence a complaint charging negligence in that respect sufficiently showed negligence which was the proximate cause of the injury without alleging how much in excess of six miles per hour the defendant was traveling. p. 437.

4. APPEAL.—*Waiver of Error.—Briefs.*—Specifications in a motion for a new trial are waived by appellant's failure to set out in his brief points and authorities to support same. p. 437.

5. APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—Alleged error in the giving of an instruction on the question of damages will be treated as harmless where appellant's motion for a new trial does not assign as a cause that the damages are excessive. p. 437.

From Tipton Circuit Court; *James M. Purvis,* Judge.

Action by Pearl Caldwell against Clinton Carter. From a judgment for plaintiff the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Kent & Ryan* and *Gifford & Gifford,* for appellant.
*Edward Daniels* and *Sheridan & Gruber,* for appellee.

LAIRY, J.—Appellee recovered a judgment in the trial court for damages resulting from personal injuries occasioned by the alleged negligence of appellant. The record shows that the horse attached to the buggy in which appellee was riding on a public highway became frightened at the automobile driven by appellant and as a result of such fright, overturned the buggy causing the injuries to appellee upon which the judgment is based. The injury to appellee occurred on September 2, 1911. By the statute in force at that time motor vehicle drivers were required, upon meeting a person driving a horse on a public highway, to proceed at a rate of speed not exceeding six miles per hour until past such horse, and also to drive his motor vehicle to the right so as to give one-half the traveled portion of the highway to the driver of the horse. Acts 1909 p. 328.

Appellant filed a demurrer to each separate paragraph of complaint which demurrer was overruled and this ruling presents the first question for our decision. The first paragraph of complaint attempts to charge that the appellant was guilty of negligence *per se* in violating the statute which required him to drive his car to the right so as to give one-half of the traveled portion of the highway to the driver of the horse passing in the opposite direction. The complaint shows that the horse and buggy were going south and that,

on meeting appellant's motor vehicle, it turned to the right or west side of the highway to permit appellant's car to pass on the east side. It is alleged in substance that when appellant approached, he was driving his automobile in such a manner that one-half of its width was west of the center of the road and that he continued to drive his automobile in the center of the road and that when it was at a point directly opposite the horse it was three feet west of the center of the road and so close to the horse as to cause it to become frightened and to overturn the buggy into a ditch causing plaintiff's injuries.

The objection urged by appellant to this paragraph of complaint is that its allegations fail to show that appellant violated the statute by driving his automobile in such

1. a way as not to give the horse and buggy in passing, one-half of the *traveled portion* of the highway. The argument is that there is no allegation that the traveled portion of the highway at the point of passing was in the center of the highway as laid out, and that a part of appellant's car may have been on the west side of the center of the highway in passing and still the whole of such car may have been east of the center of the traveled portion thereof. The memorandum filed with the demurrer does not point out this objection in such a way as to bring it to the attention of the trial court. The specification in the memorandum to the effect that no facts are stated in the first paragraph of complaint which showed negligence on the part of the defendant, is not sufficient to present a technical objection

2. of this character. Such an objection will not be considered on appeal unless the memorandum is so framed as to call the attention of the trial court to the specific objection to the pleading. A memorandum so worded as to obscure the real objection is not available on appeal. *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 104 N. E. 878; *State, ex rel.* v. *Bartholomew* (1911), 176 Ind. 182, 95 N.

E. 417, Ann. Cas. 1914 B 91; *Wagner* v. *Wagner* (1915), *ante* 528, 109 N. E. 47.

The second paragraph of complaint is based upon the same facts stated in the first except that the negligence charged in this paragraph is that appellant at the time of pass-

3. ing the horse and buggy was driving his automobile at a rate of speed in excess of six miles an hour. The principal objection made to this paragraph of complaint is that it does not state the rate of speed at which the car was moving and that the excess of speed above six miles an hour may have been so slight that it did not cause the fright of the horse. This argument goes to the question of proximate cause rather than to that of negligence. Under the statute in force at the time of the injury, it was negligence *per se* to drive a motor vehicle at a speed in excess of six miles an hour when passing a horse driven upon a highway, whether the speed exceeded that rate much or little. The complaint alleges in effect that the horse became frightened by reason of the carelessness and negligence of the appellant in driving his automobile at the rate of more than six miles an hour past the horse. This taken in connection with the other allegations on the subject shows that the excessive speed was the proximate cause of the injury. The allegations of this paragraph are sufficient to show negligence and also to show that the negligence charged was the proximate cause of the injury. Both paragraphs of complaint were sufficient as against the objections assigned and the demurrer addressed thereto was properly overruled.

The action of the trial court in overruling appellant's motion for a new trial is assigned as error; but, under this head only one of the causes assigned is presented,

4. all others being waived by the failure of the appellant's brief to state propositions and authorities to support them. The question thus presented relates to

5. the giving of instruction No. 14 by which the jury was instructed as to the element of damage and the

evidence to be considered in determining the amount of damages to be awarded. Appellant asserts that this instruction is erroneous, but the motion for a new trial does not assign as a cause that the damages assessed by the jury are excessive. The error, if any, in this instruction could not have affected the verdict in any way except as to the amount of the damages awarded. As the amount of the damages is not questioned by appellant, we must assume that he did not regard them as excessive, and that he was not harmed by the giving of this instruction. *Indianapolis Union R. Co.* v. *Sample* (1915), 58 Ind. App. 461, 108 N. E. 400; *Pittsburgh, etc., R. Co.* v. *Macy* (1915), 59 Ind. App. 125, 107 N. E. 486; *Peabody-Alwert Coal Co.* v. *Yandell* (1913), 179 Ind. 222, 100 N. E. 758.

No reversible error is shown, and the judgment is affirmed.

NOTE.—Reported in 109 N. E. 355. As to the right of travelers in highways and the presumption of negligence from their being on the wrong side, see 48 Am. St. 366. As to the duty and liability of operator of automobile with respect to horses encountered on the highway, see 1 L. R. A. (N. S.) 223, 224; 14 L. R. A. (N. S.) 251; 48 L. R. A. (N. S.) 946. Speed of an automobile as negligence, see 1 L. R. A. (N. S.) 219; 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 488; 51 L. R. A. (N. S.) 993. As to the rights and duties of persons driving automobiles in highways, see 13 Ann. Cas. 463; 21 Ann. Cas. 648. See, also, under (1, 2) 3 C. J. 785; 2 Cyc. 691; 31 Cyc. 316; (3) 28 Cyc. 45, 37; 37 Cyc. 281, 276; (4) 3 C. J. 1429; 2 Cyc. 1017; (5) 29 Cyc. 744; 38 Cyc. 1814.