## GOODYEAR TIRE AND RUBBER COMPANY ET AL. v. RAU.

[No. 10,646. Filed December 15, 1920.]

TRIAL.—*Questions of Fact.*—*Automobiles.*—*Law of the Road.*—*Highways.*—Whether an automobilist was attempting to overtake and pass an other machine by driving to the right thereof in violation of law, no necessity therefor having been shown, was a question of fact.

From Marion Superior Court (A4,989); *W. W. Thornton,* Judge.

Action by Fred Rau against the Goodyear Tire and Rubber Company and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*James E. Bingham,* for appellants.

*William A. Pickens, Linton A. Cox, Earl R. Conder, William D. Bain* and *T. H. Cox,* for appellee.

ENLOE, J.—This was an action by appellee against the appellants to recover damages alleged to have been sustained by him by having his automobile injured by the alleged negligent conduct of appellants.

The action was begun before a justice of the peace, and taken by appeal to the Marion Superior Court, where the cause was tried before the court, resulting in a finding for the appellee and against the appellants, followed by judgment in the sum of $73.50.

The appellants duly filed their motion for a new trial, which being overruled, they have prosecuted this appeal. The only error assigned is the action of the court in overruling said motion.

It is insisted by appellants that the finding of the court is not supported by sufficient evidence, and is contrary to law.

The appellant insists that the evidence shows the appellee to have been, as a matter of law, guilty of contributory negligence, which precludes a recovery; that it is not shown by the evidence that appellant Daniels, the driver of one of the cars in question, was at the time of the accident driving the car in question as the agent or servant of appellant Goodyear Tire and Rubber Company, and for this reason also this cause must be reversed.

The facts in the case concerning which there is no material controversy are as follows: The appellant Daniels was driving a car west in East Washington street, Indianapolis; he was driving his car with the

left wheels thereof on or near the north rail of the street car track; between the north rail of said track and the curb on the north side of East Washington street, at the place in question, there is a driving space for vehicles of fifteen to twenty feet; the appellee, at the time in question, was also traveling west in said East Washington street, driving his automobile; for a time he followed said Daniels, driving his machine directly in the rear of the Daniels' machine, and at a distance of thirty to forty feet therefrom; the machine being driven by said Daniels was owned by the appellant company, and Daniels was one of its employes; that as the appellee approached Kealing avenue he turned his car near the curb on the north side of said street; that as appellant Daniels approached Kealing avenue he turned his machine to the right, for the purpose of driving north in said avenue; that the street was wet and slippery.

At this point the conflict begins. The appellant Daniels contending that as he approached said avenue he looked to the rear to see if any machine was following him, then slowed down his car to a speed of two or three miles per hour, that he might safely make the turn into said avenue; that at the time he started to turn his car, the appellee suddenly came up on the right side of his car, traveling at a high rate of speed, in an endeavor to pass his car on the right and, seeing that appellant Daniels was turning into said avenue, appellee swerved his car towards the curb in an endeavor to avoid a collision, and that by swerving on a wet and slippery street caused his car to skid and the right rear wheel thereof to strike the curb and thereby caused the injury to the said car complained of.

On the other hand, appellee insists that he was not trying to pass the car driven by said appellant at the time of the accident; that he was simply driving in the

rear and to the right of said appellant's car; that both cars were traveling at about the same speed, and that said appellant, without giving any prior signal of his intention so to do, suddenly turned his car to the right, in front of appellee's car, thereby causing the appellee to turn his car to the right, and causing him to strike said street curb.

The appellant Daniels says in his testimony that he gave no signal of his intention to turn to the right into said Kealing avenue and gives as a reason for his not giving any such signal that no person was supposed to pass him *on the right,* and that therefore such signal was not necessary.

The appellant insists that, as the appellee was violating the law in attempting to pass said Daniels on the right, he was therefore guilty of negligence as a matter of law, which contributed to this accident and his consequent damage, and that he is not therefore entitled to maintain this action.

Whether appellee was in fact, at the time in question, attempting to pass the machine driven by said Daniels by driving on the right side thereof, in violation of law, no necessity therefor having been shown, was a question for the trial court, and that court has found against the appellants. The evidence being conflicting, we cannot disturb this finding.

It is next insisted that there is not sufficient evidence as to the exact extent of the damage done to appellee's said automobile, and no competent evidence as to the cost of the repairs thus made necessary. While the evidence as to the exact extent of the damage done said machine is not as definite and certain as it might have been, yet it was sufficient.

No reversible error has been presented, and the judgment is therefore affirmed.