LORBER *v.* PEOPLES MOTOR COACH COMPANY ET AL.

[No. 13,139.   Filed February 1, 1929.   Rehearing denied April 17, 1929.]

*Clyde P. Miller,* for appellant.

*Robert I. Marsh* and *George O. Cowan,* for appellees.

NEAL, J.—The appellant, Rae Lorber, brought this action against the appellees to recover damages for personal injuries sustained by her on September 29, 1926, at about 8:15 p. m., while she was riding in the rear seat of an automobile being driven south on Rural street in the city of Indianapolis, when it was struck by an automobile driven by appellee Louis P. Reed, approaching from the south, and immediately after the Reed car had struck a corner of a bus operated by appellee Peoples Motor Coach Company. The collision occurred as the bus was turning east on Twenty-third street, the Reed car being behind and following said bus.

The issues were the complaint and answer in general denial by appellee Reed. Trial by jury. At the conclusion of appellant's evidence, appellee Peoples Motor

Coach Company moved the court to instruct the jury to return a verdict for it, which motion was overruled, and, upon the conclusion of all the evidence, said motion was renewed. The court, by instruction No. 20, after the argument, instructed the jury to return a verdict for appellee Peoples Motor Coach Company. The jury returned a verdict against appellee Reed in the sum of $1,000. The error assigned is the overruling of appellant's motion for new trial.

In the following statement of facts, the court has in mind the rule of law, well settled in this state, that the motion for appellee Peoples Motor Coach Company for a verdict in its favor is equivalent to a demurrer to the evidence, and, in such case, that "the court is bound to accept as true all the facts which the evidence tends to prove and, as against the party demurring, to draw from the evidence all such reasonable inferences as the jury might draw." Also, "if there is a conflict in the evidence, then only such evidence as is favorable to the party against whom the demurrer is directed can be considered, and that which is favorable to the demurring party is deemed to be withdrawn." *Curryer* v. *Oliver* (1901), 27 Ind. App. 424, and authorities there cited.

Appellant was riding in a closed Willys-Knight seven passenger car accompanied by Miss Zimmerman and her brother, David Falender, who was driving the car, proceeding south on the west side of Rural street above Twenty-third street, which enters Rural street on the east side thereof. At said entrance of Twenty-third into Rural, the distance between the east and west curbs of Rural is approximately thirty feet. Falender, as he proceeded south at a speed of about fifteen miles per hour, had a clear view ahead for a distance of three blocks. The bus operated by appellee Peoples Motor Coach Company was observed by the persons riding in

the Willys-Knight car coming north on Rural street, when the bus was approximately one-half block from Rural and Twenty-third, and, at that time, and continuously until the bus made the turn into Twenty-third, it was traveling on the west side of Rural street, maintaining a speed of nearly fifteen miles per hour, in such a manner as to give to Miss Zimmerman the impression "that it was going to make a west turn," she not knowing at that time that Twenty-third street did not intersect Rural on the west; that the bus started to turn when it was parallel with the Willys-Knight car, which car at said time was on west side of Rural, facing south, and against the west curb of Rural, near the entrance of Twenty-third street; that the bus, just prior to and at the time of making a right-hand turn, was to the left of the center of Rural street.

Appellee Louis Reed, about the time mentioned, was driving north on Rural street, and his evidence is to the effect that he first saw the bus at Roosevelt avenue, at the railroad crossing where the bus turned on Rural street, about four blocks from Twenty-third street; that he followed the bus north on Rural, maintaining a distance of approximately twenty to thirty feet between his car, an open Dodge car, and the bus; that the speed of the bus was fifteen miles per hour; that it was raining, street wet and slippery; that the headlights of his car were burning and the wind-shield wiper working; that the bus was visible at all times; that the red tail-light on the left rear of bus over the license number was observed by him and, as the bus approached Twenty-third, it swung to the west on the left side of Rural street to make a right-hand turn and no sign or signal was given by the operator of the bus by a mechanical device that he intended to make such turn; that no stop-light was observed at any time nor any signal given prior to making the turn; that he did not observe any signal device on the

rear of the bus of a mechanical nature; that he did not know the bus was going to make the turn into Twenty-third until the front end of the bus had started around; that, as the bus pulled to the left side of Rural street, he did likewise; that when he observed that the bus was making a right-hand turn into Twenty-third he immediately applied his brakes, locked the wheels, car skidded and struck the rear end of the bus as it was turning, which diverted the course of his car to the left, thereby striking the Willys-Knight car.

The driver of the bus gave evidence which tends to prove that the stop-light was on the left side of the bus in the rear, close to the tail-light; that the stop-light was supposed to burn when applying the foot brakes; that he slackened his speed very little, on approaching Twenty-third street, "using foot brake as means to signal cars behind me." The bus was about twenty-four feet in length and seven and one-half to eight feet wide; that the stop-light with which the bus was equipped was operated by two wires attached to foot brake, which wires ran under the body of the bus to the stop-light. When the foot brake was applied and moved forward one or one and one-half inches, usually a contact or current was made, which caused the word "stop" to appear in red letters. However, when bus was in motion, the "wires would get slow or short for the minute and then would be off again," and at such times the stop-light would not work. Appellee Peoples Motor Coach Company introduced evidence which was, in many instances, in conflict with and contrary to the facts herein given.

The allegations of negligence, as alleged by appellant in her complaint against appellee Peoples Motor Coach Company, material to the questions involved, are the failure of the driver of the bus to give any signal of his intention to turn from Rural into Twenty-third street, driving his motor bus so far to the west side of Rural

street as to block said street and obstruct the view, at the junction of Twenty-third street with Rural from the north and from the south; the failure of appellee Peoples Motor Coach Company to maintain a mechanical signal device or light in working order and repair on its said bus as required by law, and its failure to give appellee Reed a signal by such mechanical device of his intention to slow down and turn from Rural into Twenty-third street. The acts of negligence alleged in the complaint against appellee Reed are: (a) Driving his automobile toward the north closely behind said bus at a high and dangerous rate of speed; (b) carelessly and negligently attempting to drive around said bus, whereby the car driven by appellee Reed collided with the rear of said bus at the time said bus was making the turn into Twenty-third street, which caused Reed's car to strike the automobile in which appellant was riding.

The appellant further alleges in her complaint that her injuries were caused solely and proximately by reason of the careless, negligent and unlawful acts of appellees.

Section 10149 Burns 1926 provides that it shall be unlawful for any person who is driving a motor vehicle in any street to slow down, or turn to right or left without first signaling his intention to any person or persons who may be following closely in the rear, either with his arms, or by some mechanical device, as therein provided, and, if signals with the arms are not given, the operator shall be responsible for any failure of such mechanical device to properly indicate his intentions; that no light other than the red light shall be used as a stop-light.

Section 10134 Burns 1926 provides that motor busses shall be equipped with a stop-light which shall be so attached and adjusted that when the service brakes of such motor bus are applied, a red light automatically shall display on the rear of such bus, in such manner, and with such distinctness, that the operator of any

motor vehicle which may be following it or approaching from the rear will have adequate warning that it is about to stop or slow down.

Section 10144 Burns 1926 makes it unlawful for any person to operate a motor vehicle in a reckless or dangerous manner and so as to endanger life, limb or property of any person, and reckless driving is construed to mean driving on that side of any highway which is to the left of the operator, or driving from side to side of the highway in any other manner that is not safe or prudent.

The violation of §§10134 and 10149 Burns 1926, or either of them, by one operating a motor bus on a public highway is negligence *per se,* and if such negligence is a proximate cause of an injury to another who is without fault, or if such negligence, coupled with a concurring act or acts of negligence of a third person, is a proximate cause of the injury to another who is in the exercise of due care, then such operator is liable to the injured party. *Central Indiana R. Co.* v. *Wishard* (1917), 186 Ind. 262, 114 N. E. 970; *Hamilton, Harris & Co.* v. *Larrimer* (1914), 183 Ind. 429, 105 N. E. 43; *Carter* v. *Caldwell* (1915), 183 Ind. 434, 109 N. E. 355; *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365, Ann. Cas. 1917A 474; *Fox* v. *Barekman* (1912), 178 Ind. 572, 99 N. E. 989; *Cleveland, etc., R. Co.* v. *Tauer* (1911), 176 Ind. 621, 96 N. E. 758, 39 L. R. A. (N. S.) 20; *Indianapolis Union R. Co.* v. *Waddington, Admr.* (1907), 169 Ind. 448, 82 N. E. 1030; *Louisville, etc., Lighting Co.* v. *Hynes* (1910), 47 Ind. App. 507, 91 N. E. 962; *Fort Wayne, etc., Traction Co.* v. *Parish* (1918), 67 Ind. App. 597, 119 N. E. 488; *Sarber* v. *City of Indianapolis* (1920), 72 Ind. App. 594, 126 N. E. 330; *Sherman* v. *Indianapolis Traction, etc., Co.* (1911), 48 Ind. App. 623, 96 N. E. 473; *Holmberg* v. *Villaume* (1924), 158 Minn. 442, 197 N. W. 849.

The violation of that part of §10144 Burns 1926 by one operating a motor vehicle on a public highway by driving on that side of the public highway which is to the left of the operator is at least *prima facie* negligence, and if no reasonable excuse or justification for so driving is shown by evidence, and if such act is a proximate cause, or if such act, co-operating with other concurrent acts of negligence of a third person, is a proximate cause of an injury to one who is free of contributory negligence, such operator is liable to the injured party. *Goodyear Tire, etc., Co.* v. *Rau* (1920), 74 Ind. App. 361, 129 N. E. 62; *Conder* v. *Griffith* (1916), 61 Ind. App. 218, 111 N. E. 816. See *Larkey* v. *Church* (1920), 79 Okla. 202, 192 Pac. 569; *Unmacht* v. *Whitnery* (1920), 146 Minn. 327, 178 N. W. 886; *Berkovitz* v. *American River Gravel Co.* (1923), 191 Cal. 195, 215 Pac. 675, 47 A. L. R. 708; *Carlson* v. *Meusberger* (1925), 200 Iowa 65, 204 N. W. 439; *Weber Co.* v. *Stevenson Grocery Co.* (1915), 194 Ill. App. 432; *Greenbaum* v. *Costa* (1921), 137 Md. 524, 113 Atl. 79; *Ross* v. *Michigan Mutual Auto Ins. Co.* (1923), 224 Mich. 263, 195 N. W. 88; *Butterly* v. *Freeman* (1921), 188 N. Y. Supp. 428; *American Mutual Liability Ins. Co.* v. *Withman* (1925), 124 Me. 240, 127 Atl. 719.

In the instant case, the evidence most favorable to the appellant and the legitimate inferences to be drawn therefrom disclose that the motor bus was driven north on Rural street and, when within one-half block of Twenty-third street, said bus was to the left of the center of said street and continued on the left side thereof until it was in the act of turning to the right, at which time the rear end of the bus was twenty feet west of the east curb line of Rural street. A *prima facie* case of the violation of §10144, *supra,* was thus made, no evidence of justification for so driving on the left side thereof appearing in the evidence.

Counsel for appellee Peoples Motor Coach Company assert that, inasmuch as the evidence shows that none of plaintiff's witnesses saw or observed the driver of the bus prior to the collision, therefore they could not have known whether or not the bus driver failed to give a signal of his intention to turn into Twenty-third street by extending the arm as required by law. The error assigned brings before us all of the evidence favorable to the plaintiff. The driver of the bus, witness for appellee, was asked the following questions and gave the following answers. Question: "Now, what, if anything did you do with reference to slowing your car as you approached Twenty-third street?" Answer: "Slackening the speed of the bus a little, using foot brake as means to signal cars behind me." Question: "You used your foot brake to slow the car slightly?" Answer: "Yes, sir." Question: "To signal who ever might be behind?" Answer: "Yes, sir." We conclude a fair construction of the above testimony to be that the driver relied upon the mechanical device, called a stop-light, to warn cars following behind the bus of his intention to slow down and turn into Twenty-third street, especially, in view of the fact that the driver of the bus at no time in his evidence gave any intimation that he attempted to signal the cars behind by extending his arm, although he was asked to state what he did and what happened as he approached Twenty-third street. Also one of appellee's witnesses, who was riding in the bus and who observed the driver, was asked to describe the movements of the driver as he approached Twenty-third street. The witness described minutely the position of the driver and that he pressed the foot pedal at the time the bus made the turn. There was not even an inference to be drawn from his evidence that the driver gave a signal of his intention to slow down and turn by extending his arm. Inasmuch as the witness related everything he

saw and was in a position to observe the driver, it is a rational inference that he would have told the jury that the driver extended his arm to signal, if such had been the case.

Appellee Reed, who was following the bus up Twenty-third street said, "no sign or signal" was given by the operator of the bus of his intention to turn. Reed was in a position to observe the bus at all times and did observe the same. If a signal had been given by the driver, through a mechanical device called a stop-light, of his intention to slow down and turn, it is fair to assume that Reed would have seen the same. The testimony of Reed, being inconsistent with the supposition that the mechanical device did burn, and there being no positive evidence that it did burn, the legitimate inference is that the stop-light did not burn, and no intention of the driver of the bus to slow down and turn into Twenty-third street was communicated to Reed, who was following in the rear. *Kuehne* v. *Brown* (1917), 257 Pa. St. 37, 101 Atl. 77; 3 The Modern Law of Evidence p. 2346.

As was said in the case of *Murphy* v. *Adams* (1923), 99 Conn. 632, 639, 122 Atl. 398, 400: "There was evidence that if the motor vehicle which the defendant was operating at about ten o'clock in the night was equipped with front lights, they were not seen by any of the four witnesses who saw the car when it struck the plaintiff; and hence it was a rational inference that the car did not display two lights on its forward part as is required by the statute."

Some of the evidence was to the effect that no sign or signal was given by the mechanical device of the operator's intention to slow down and turn. As was said in the case of *Grand Trunk, etc., R. Co.* v. *Reynolds* (1910), 175 Ind. 161, 92 N. E. 733: "The force and effect of this evidence was a question to

be determined by the jury. It might to some minds leave doubt as to whether the signals were omitted, but to others it might furnish conviction that they were not given; but however that may be, that was a question solely for the jury." See, also, *Board, etc.,. v. Garrigus* (1905), 164 Ind. 589, 75 N. E. 82; *Pennsylvania Co. v. Clark, Admr.* (1922), 191 Ind. 470, 133 N. E. 588; *Bengle v. Cooney* (1922), 243 Mass. 10, 136 N. E. 812; *Lockridge v. Minneapolis & St. Louis R. Co.* (1913), 161 Iowa 74, 140 N. W. 834, Ann. Cas. 1916A 158; *Caufman v. Chicago, etc., R. Co.* (1916), 164 Wis. 359, 159 N. W. 552, 1067; *Warruna v. Dick* (1918), 261 Pa. St. 602, 104 Atl. 749.

We hold that a *prima facie* case of the violation of §10149 Burns 1926, was made by appellant, in that the driver of the bus owned by appellee Peoples Motor Coach Company did not signal appellee Reed of his intention to slow down and turn into Twenty-third street by a mechanical device, which the operator relied upon.

Appellant's complaint proceeds on the theory that the negligence of each appellee concurred and co-operated with the other in the production of an injurious result to her, who was without fault. The *prima facie* acts of negligence of appellee Peoples Motor Coach Company occurring concurrently with the acts of negligence of appellee Reed, and no responsible intervening cause having been shown by the evidence, it was for the jury to say whether the acts of negligence of each appellee was a proximate cause whereby appellant was injured. *Davis v. Mercer Lumber Co.* (1905), 164 Ind. 413, 73 N. E. 899; *Terre Haute, etc., R. Co. v. Buck, Admx.* (1884), 96 Ind. 346, 49 Am. Rep. 168; *Banzhof v. Roche* (1924), 228 Mich. 36, 199 N. W. 607; *McFadden v. Metropolitan Street R. Co.* (1912), 161 Mo. App. 652, 143 S. W. 884.

Other errors discussed in appellant's brief will prob-

ably not arise on a retrial of this cause; consequently, we will not discuss them. Judgment reversed, with instruction to grant appellant's motion for a new trial.

Nichols, J., concurs in the result.

## CONCURRING OPINION.

NICHOLS, J.—I concur in the result reached in the above cause, but I am not in harmony with the expression in the opinion as to the proximate cause, to which the other members of the court, after full consideration, have agreed.

When we say: "Such negligence is *a* proximate cause of an injury to another who is without fault," we say, in effect, that there is another proximate cause, maybe more, with which such negligence concurs to produce the injury to another who is without fault, which has the same meaning as the second expression of the opinion to wit: "Such negligence, coupled with a concurring act or acts of negligence of a third person, is *a* proximate cause of the injury to another who is in the exercise of due care." We have thus a mere redundancy of expression. But when we say that such negligence is *the* proximate cause of the injury, we say that it is the sole cause of the injury, thereby excluding any concurring negligence of a third party or parties and the contributory negligence of the injured person.

As it seems to me, the opinion should read: "If such negligence is *the* proximate cause of an injury to another," or "if such negligence, coupled with a concurring act or acts of negligence of a third person, is *a* proximate cause of the injury to another who is in the exercise of due care, then such operator is liable to the injured party."