Davis *v.* Luark.

---

## Davis *v.* Luark.

APPEAL.—*Justice of the Peace.*—Where a party against whom judgment has been rendered by a justice of the peace has been granted leave to appeal to

the court of common pleas after the expiration of thirty days, under section 68, 2 G. & H. 597, and he fails to perfect his appeal by having the order to the justice to certify up the case issued and served, and by causing the justice to make out a transcript of the proceedings and judgment before him and file it, with the original papers, in the office of the clerk of the common pleas, within a reasonable time, and until the case has been regularly called for trial, the appeal may be dismissed on motion of the adverse party.

WITNESS.—*Party.*—*Continuance*—A continuance should not be granted on the ground that a party to the action is absent from the county, and his attorney does not know where he is, and that it appears he is needed as a witness on his side of the case.

APPEAL from the Marion Common Pleas.

DOWNEY, J.—Luark sued Davis before a justice of the peace. By some misunderstanding as to the time of trial, the parties did not both get there at the same time. Judgment was rendered against Davis. He alleges that he knew nothing of the judgment having been rendered until after the lapse of thirty days, when the constable informed him that he had an execution in his hands issued on the judgment. Davis made an application to the common pleas to be allowed to appeal under 2 G. & H. 597, sec. 68, which was granted and the appeal ordered on the 3d day of July, 1867, and bond filed on the 10th day of the same month. At the June term of said court, in the year 1868, the cause was regularly called for trial, when Davis was found to be absent, and his counsel made an effort to have the case continued, on account of his absence and the fact that he was needed as a witness on that side of the case; which motion the court overruled. It appeared that he was absent from the county, and his attorney did not know where he was. Upon examination it was found that the rule on the justice to certify up the case had not been issued and served, and there were none of the original papers on file, or any transcript of the proceedings before the justice of the peace. Thereupon the counsel for Davis asked for time to cause the papers to be obtained and filed, while the counsel for Luark moved to have the appeal dismissed. The court refused to allow the time asked for, and sustained the motion of Luark, and dismissed the appeal.

It was the duty of Davis to see that his appeal was perfected by having the order issued and served and causing the justice of the peace to make out and file the transcript of the proceedings and judgment before him, with the original papers, in the office of the clerk of the common pleas. This he should have done in a reasonable time.

It was his duty also to have been in attendance or to have furnished his deposition if he wished to have his evidence used on the trial. *Yater* v. *Mullen*, 24 Ind. 277.

We cannot say that the court erred in dismissing the appeal. Judgment affirmed, with costs.

*J. W. Gordon* and *W. March*, for appellant.

*W. W. Woollen, Jr.*, for appellee.