No. 8491.

## TURPIE v. KNOWLES ET AL.

PRACTICE.—*Parties as Witnesses.*—*Motion to Set Aside Submission and Finding.*— Where a party moves the court to set aside the submission and finding in a cause, upon the ground of his own absence, as a material and competent witness, he must show by affidavit the facts which made his absence necessary at the time of the trial.

From the White Circuit Court.

*A. W. Reynolds* and *E. W. Sellers,* for appellant.

*H. P. Owens,* for appellees.

HOWK, J.—This was a suit by the appellees, as the payees, against the appellant, as the maker, of a certain promissory note, alleged to be due and wholly unpaid. The appellant answered in three paragraphs, but afterwards withdrew the third paragraph. The first paragraph was a general denial of the complaint, and the second paragraph was a plea of payment in full before the commencement of the action. The appellees replied by a general denial of the second paragraph of answer. The issues joined were tried by the court, and a finding was made for the appellees for the amount of the note and interest. Thereupon the appellant moved the court, upon an affidavit filed, to set aside the submission of the cause, which motion was overruled, and to this ruling he excepted. Judgment was then rendered for the appellee, upon and in accordance with the finding of the court.

The only question for the decision of this court, presented and discussed by the appellant's counsel in their brief of this cause, is this : Did the circuit court err in overruling the appellant's motion to set aside the submission of this cause and the finding therein ?

The motion was founded upon, and supported by, the affidavit of the appellant's brother, William Turpie. In his affidavit, the said William Turpie stated, in substance, that, since the commencement of the June term, 1879, of the court below,

the affiant had been, off and on, at his home in Bradford, in White county, in this State, and the appellant, James H. Turpie, was then in Ohio; that affiant had expected to hear from the appellant's counsel when this cause, as well as other cases on the docket, would be set for trial, and immediately notify the appellant, who was to come to the court below to attend the trial of this case and other cases mentioned; that affiant had been informed by John H. Wallace, Esq., the appellant's attorney, that, on the third day of that term, he sent a letter to the appellant, addressed to Bradford, White county, Indiana, notifying him of the day for trial; that the affiant had never received that letter, and he knew that the appellant had never received the same, for the reason that he had not been at home since that term of court commenced, but relied on the affiant to notify him when the case would be set for trial; that, before the commencement of that term of the court, the affiant and the appellant had an arrangement with said Wallace, their attorney, that he was to get the case set for trial, and notify them at Bradford of the day on which this case would be set for trial, and, if possible, was to get this case set down for trial in the third week of said term; that the appellant had a good defence in this suit; that the note sued on in this case, and the one sued on in the case of Quean & Co. against him, had been fully satisfied before the commencement of the suits in said court, and were fully satisfied in the following manner: The appellant held a note, executed by one Brant to him and the affiant, for $1,000, secured by a mortgage on certain real estate in Huntington county, Indiana, which was well worth the sum of $1,000; that the appellees, in connection with Quean & Co., took said note secured by mortgage, and agreed to foreclose said mortgage, and bid in the real estate at the full amount of $1,000 and interest, and receive the same in full satisfaction of the note sued on in this case, and of the one on which Quean & Co. had obtained judgment, and that the note sued on, and the one held by Quean & Co., were fully satisfied before the commencement of this suit; that the ap-

pellant would be able to prove all these facts by letters received from the appellees, and by one witness in said Huntington county, as well as by himself and the affiant; that the first time the affiant knew that this cause was set for trial, or would be called on yesterday, was at about one o'clock on yesterday, when he received a dispatch from said Wallace to that effect; that at that time affiant was in Bradford, in said county, and he came to the court below as soon as he could, and arrived there at 2 o'clock and 23 minutes, but, at that time, judgment had been taken in this cause; and that, if affiant had known of the time when said cases were set for trial, he would have notified the appellant, and he would have been present and ready for trial.

The appellant's motion to set aside the submission of this cause, and the finding therein, was peculiarly addressed to the sound discretion of the trial court. In such a case an absolute abuse of the discretion of the court must be clearly shown by the affidavits filed in support of the motion, before this court would be authorized to revise or reverse the decision below. We need hardly say that no such showing has been made in the case now before us. We have given the substance of the only affidavit filed in support of the appellant's motion; and it is manifest therefrom that he had made no preparation whatever for the trial of this cause. He had asked his attorney to have the case set down for trial in the third week of the term, and it was set for the third Thursday of the term; but the appellant was then in Ohio. He could prove his payment of the note in suit, by letters received from the appellees; but it does not appear that he had placed these letters in his attorney's hands, in anticipation of, or in readiness for, the trial of the cause. He could prove the facts of his defence by his brother, William Turpie, and by one witness in Huntington county, whose name is not given; but it does not appear that he had taken any legal means to procure the attendance of either of these witnesses on the day set for the trial of the case, or on any other day. It is stated in the

affidavit that the facts constituting the alleged defence could have been proved by the appellant's own evidence; but he was absent in Ohio, and no cause, reason or excuse is assigned, or is attempted to be assigned, for his absence from the State, at the time of the trial of this cause.

Upon the point now under consideration, in delivering the opinion of the court in *Yater* v. *Mullen*, 24 Ind. 277, it was well said by FRAZER, J.: "Public or social obligations, or the demands of private business even, might appear to be, if stated, so urgent and imperative as to justify a witness in being absent at the commencement of a trial which he is subpœnaed to attend. But without such excuse, the witness' duty is to be present before the trial begins, and, if he fails, he is in contempt, and it is not sufficient that he has intended and arranged to be present in time to testify. To so hold, would be to put every suitor's cause in peril, or drive him to seek delay, for he could not know that he could safely go to trial. Now that parties can be witnesses, there is no rule, consistent with that speedy administration of justice which the constitution requires, short of holding such parties, at their peril, to the same prompt attendance to give their evidence which the law has, time out of mind, required of other witnesses. And upon their application to be relieved from the consequences of their absence, it is surely not a harsh requirement that they shall show to the court the facts which rendered it necessary for them to be absent when the trial began."

In the case at bar, no attempt even was made, by affidavit or otherwise, to show to the court the facts which rendered it necessary for the appellant to be absent during the term of the court when this cause was tried. The showing made, therefore, was clearly insufficient, and the court committed no error in overruling the appellant's motion to set aside the submission of this cause and the finding of the court therein. *Davis* v. *Luark*, 34 Ind. 403; *Welcome* v. *Boswell*, 54 Ind. 297.

The judgment is affirmed, at the appellant's costs.