Meyer *et al. v.* Fromm *et al.*

No. 12,855.

## MEYER ET AL. *v.* FROMM ET AL.

TOWN.—*Grade of Street.*—*Invalid Order Fixing.*—*Emergency Clause.*—*Notice of Adoption.*—*Liability of Contractor for Street Improvement to Lot-Owner for Injury.*—Where an order establishing the grade of a street in a town is passed by the board of trustees without an emergency clause, and no notice of its adoption ,is given, a lot-owner whose property is injured by the improvement of the street, may maintain an action against the contractor for the damage.

From the Dubois Circuit Court.

*J. E. McCullough, J. H. Miller* and *O. A. Trippet,* for appellants.

*B. Buettner, E. A. Ely* and *J. W. Wilson,* for appellees.

ELLIOTT, J.—On the 2d day of June, 1884, the trustees of the town of Huntingburgh employed a competent engineer to establish the grades of the streets of the town, and during the same month they approved and adopted the grades fixed by the engineer. On the 24th day of that month a petition was filed praying for the improvement of Fifth street, and that "it be brought to the grade established by the board of trustees at its session of June 18th, 1884." Notice was given, contracts awarded, and the work of improving the street was done under the contract. "The order establishing the grade contained no emergency clause declaring the same in force from and after its passage, and no notice was given of its adoption by publication or otherwise." The appellees are the owners of land abutting on Fifth street, and were injured by the excavation of the street made in the course of the improvement, to the amount of $200.

The facts, of which we have given a synopsis, are set forth in detail in the special finding, and upon them the court stated this conclusion of law: "The order adopting the grade of Fifth street, not containing an emergency clause and no notice thereof having been given, is not sufficient to establish

said grade according to law. And that hence the grading and excavation were illegal, and the plaintiff Anna is entitled to recover from the said defendants the sum of two hundred dollars."

We think the court's conclusion was right. The statute contains this provision : " But every by-law, ordinance, or regulation, unless in a case of emergency, shall be published in a newspaper in such town, if one be printed therein, or posted in five public places, at least ten days before the same shall take effect." R. S. 1881, section 3333, sub-section 16.

The order fixing the grade of the corporate streets is certainly embraced within the language of the statute, for it is not a mere order made in transacting ordinary business, but is an important regulation, general in its character, and affecting many citizens. *Mattingly* v. *City of Plymouth,* 100 Ind. 545. And as that language is imperative the order never became effective. As there was no order fixing the grade of the street, the acts of the contractors were without authority of law, and they are liable for all injuries done the appellee's property. The case of *City of Aurora* v. *Fox,* 78 Ind. 1, is not in point, for the question there was very different from that here presented. The question there decided was not as to the liability of contractors where there was no established grade, but as to their liability where there was some omission or defect in advertising for proposals and in awarding the contract.

Nor do the cases of *Mattingly* v. *City of Plymouth, supra,* and *City of Terre Haute* v. *Turner,* 36 Ind. 522, apply, for the question here is, not whether a municipal corporation may establish the grade of a street by an order or resolution, but the question is, can it be done by any measure not brought into effect by publication ? An order establishing the grade of a street, if not a by-law, is, at least, a " regulation," and to regulations the language of the statute expressly applies.

The only question which the record presents is as to the correctness of the conclusion of law, and as that is adjudged. to be right, the judgment must stand.

Judgment affirmed.

