Andrews, J.
 

 It has, in view of the decisions in this state upon the subject, become a postulate that due care requires a pedestrian before crossing a railroad track to look in each direction
 
 \o
 
 ascertain whether a train is approaching, and that the mere -omission of the statutory signals by the trainmen does not relieve the pedestrian from the imputation of negligence if he fails on his part to look and listen. He cannot omit such a reasonable pre-caution in reliance upon the performance by the railroad company -of its obligation to give reasonable notice of the approach of the train.
 

 Whether the duty imposed upon the traveler has been discharged may be, and often is, a question involved in doubt. The -evidence may justify opposing inferences. In such case the question is for the jury.
 

 There is another rule equally well established in this state: that •the plaintiff in an accident case assumes the burden of showing that the injury occurred without fault on the part of the person injured, or of giving evidence from which the jury may infer that he was without fault and that his act did not contribute to the casualty.
 

 If in case of an accident at a crossing it appears that the person inj ured did look for an approaching train, it would not necessarily follow, as a rule of law, that he was remediless because he did not 'look at the precise place and time when and where looking would have been of the most advantage. Many circumstances might be ■shown which could properly be considered by the jury in determining whether he exercised due and reasonable care in making his observation. The presence of other and imminent dangers, the raising of gates erected by the company to guard the highway, .giving assurance that the crossing was safe, these and similar circumstances appearing, they might be considered in determining whether the person injured, who did, in fact, look and listen before ¿attempting to cross the track, fairly discharged the duty imposed upon him, although it should appear that if he had looked at .another instant of time, or had looked last in the direction from which the train was approaching, he would have seen it
 

 In case of a death accident at a railroad crossing, it must often happen that the circumstances immediately preceding it and the acts and conduct of the deceased are léft in great obscurity. But the rules of law governing the right of recovery are the same as in other cases, although slighter evidence of compliance with the ■duty cast upon a plaintiff might be deemed sufficient than where the injured person was alive and competent to testify. We cannot perceive that the burden resting upon the plaintiff to show, or "to give evidence tending to show, or from which the jury might find, that his intestate was free from contributory negligence, or ■exercised due care, was in any way met or discharged. The cir■cumstances so far as disclosed seem to point to the opposite con
 
 *816
 
 elusion. The intestate was familiar with the crossing. She approached the track with a small shawl tied or pinned over her head and ears. There is not the slighest evidence that she looked up or down the track before attempting to cross, or stopped, or listened; the only evidence being that she appeared to be looking directly in front of her.
 

 The alleged obstructions, upon the most favorable view of the evidence, left the track on which the train came free to observation for at leadt 700 feet from a point on the highway eight feet from the south track, and from thence to the track. The intestate’s attention may have been diverted by the freight train passing on the north track in the opposite direction, from which she was in no danger, or by the ditch across the highway two feet, from the track, or by both circumstances combined. But these things, although they may have induced thoughtlessness as to the real danger, did not justify her in proceeding without looking up and down the track for trains. Adherence to established rules, leaves us no option, and the judgment must be reversed.
 

 Judgment reversed, and new trial granted, costs to abide event.
 

 All concur.