CENTRAL INDIANA RAILWAY COMPANY *v.* WISHARD.

[No. 22,762. Filed January 30, 1917. Rehearing denied April 27, 1917.]

1. RAILROADS.—*Crossing Accidents.—Travelers on Highway.— Care Required.*—The law imposes a duty on travelers on a highway approaching a railway crossing to use reasonable care. p. 268.

2. RAILROADS.—*Crossing Accidents.—Traveler on Highway.— Contributory Negligence.—Questions of Law and Fact.*—The duty of a traveler on a highway approaching a railway crossing to use reasonable care is imposed by law, but the question as to what acts or conduct ordinary care requires under the circumstances of a particular case is generally one of fact, unless the acts done or omitted are of such a character as to be wholly incompatible with the exercise of reasonable care and so inconsistent therewith that reasonable minds cannot honestly differ on the question. p. 268.

3. NEGLIGENCE.—*Negligence Per Se.—Violation of Law or Or-*

*dinance.*—The violation of a statute or city ordinance is negligence *per se.* p. 268.

4. RAILROADS.—*Crossing Accidents.*—*Care Required of Traveler on Highway.*—Ordinary care, as a matter of law, requires a person approaching a railroad track to use his senses of sight and hearing, but it does not require that he stop or look or listen at any particular place, except that he must do so at some place where such precautions would enable him, by the exercise of reasonable care, to see or hear the approach of a train. p. 269.

5. RAILROADS.—*Crossing Accidents.*—*Care Required.*—*Automobile.*—While the fact that an automobile is under more complete control of the driver and such driver may take precautions not available to one traveling in a horse-drawn vehicle may properly be considered by the jury in determining whether the driver of an automobile used due care in approaching a railway crossing, yet the standard of care required of the driver of a motor car under such circumstances is no different than is required of one traveling in a vehicle of any other character. p. 270.

6. RAILROADS.—*Crossing Accidents.*—*Answers to Interrogatories.* —*Contributory Negligence.*—*Question of Law.*—In an action for negligence, where the answers to interrogatories show that plaintiff, in an automobile, in approaching a railroad crossing from the north, there being a switch track north of the main track, drove at a slow speed and stopped thirty feet north of the main track on the left side of the street, though it was possible for him to have stopped on the opposite side; that there was a building along the east side of the street which extended to a point within seven feet of the north track, upon which was standing a car projecting eight or nine feet into the highway; and that plaintiff heard an engine and cars approaching while his automobile was stopped and, seeing a car attached to the engine pass over the crossing, proceeded to cross the tracks without further effort to learn whether other cars were coming, whereupon he was struck by a cut of cars being shunted by means of a "flying switch," such answers do not show plaintiff guilty of contributory negligence as a matter of law, and it was not error to overrule defendant's motion for judgment on the interrogatories notwithstanding a general verdict for plaintiff. p. 271.

7. RAILROADS.—*Crossing Accidents.*—*Review.*—*Evidence.*—*Sufficiency.*—In an action for negligence, where the evidence is such that the court cannot say as a matter of law that plaintiff was guilty of contributory negligence, it is sufficient in that respect to sustain the general verdict for plaintiff. p. 272.

8. RAILROADS.—*Crossing Accidents.*—*Negligence.*—*Violation of*

*Statute.—Instruction.*—It is negligence *per se* to permit a railroad car to remain across a public street in violation of §2671 Burns 1914, Acts 1905 p. 584, 747, and, in an action for injuries sustained in a crossing accident, it was proper to so instruct the jury, where the violation of the statutory duty contributed to the injury.    p. 272.

9. RAILROADS.—*Crossing Accidents.—Refusal of Instruction.— Contributory Negligence.—Violation of Statutes.*—In an action for injuries sustained in a crossing accident by the driver of an automobile, an instruction that, if plaintiff was operating his automobile in violation of any of the provisions of §§10465, 10476 Burns 1914, Acts 1913 pp. 779, 780, 786, he could not recover, was properly refused, where the instruction did not require a finding that the violation contributed to the injury. p. 272.

10. RAILROADS.—*Crossing Accidents.—Care Required.—Contributory Negligence.—Refusal of Instruction.*—In an action for personal injuries sustained in a crossing accident by the driver of an automobile, a requested instruction informing the jury that, if it were impossible, because of obstructions, for plaintiff to learn whether a train was approaching the crossing, it was his duty to alight from his car and go ahead and look, and, failing to do so, he would be guilty of contributory negligence, was properly refused, since it cannot be said as a matter of law that the exercise of due care required plaintiff to take the precautions set forth in the instruction.    p. 273.

11. APPEAL.—*Review.—Refusal of Instructions.*—Although a tendered instruction correctly states the law, its refusal is not error where the subject-matter is sufficiently covered by instructions given.    p. 273.

12. RAILROADS.—*Crossing Accidents.—Contributory Negligence.— Evidence.—Violation of Municipal Ordinance.*—In an action for injuries sustained in a crossing accident, evidence of the existence of a city ordinance and of a violation thereof was admissible under the general denial on the question of contributory negligence.    p. 274.

13. APPEAL.—*Review.—Rulings of Trial Court.—Presumptions.* —Every presumption is indulged in favor of a ruling of the trial court, and, if it was correct for any reason it will be upheld on appeal.    p. 274.

14. EVIDENCE.—*Ordinances.—Validity.—Proof of Publication.— Statute.*—The record showing the adoption of a penal ordinance containing a provision that it should take effect after two weeks' publication did not furnish presumptive evidence that it was in effect unless it was shown that the ordinance had become effective by virtue of its publication in accordance with a statute

providing that every by-law imposing a penalty for a violation thereof should, before taking effect, be published two consecutive weeks in some newspaper in the city, and, in the absence of proof of publication, it was properly excluded from the evidence on objection in an action for personal injuries. (*Lake Erie, etc., R. Co.* v. *Brafford* [1896], 15 Ind. App. 655, and *Pittsburgh, etc., R. Co.* v. *Rogers* [1909], 45 Ind. App. 230, distinguished.) pp. 274, 276.

15. EVIDENCE.—*Ordinance.*—*Record Required by Statute.*—*Presumptions.*—*Application.*—*Statute.*—The provision in §8654 Burns 1914, Acts 1905 p. 219, 245, that the record of an ordinance passed in the manner specified by the statute shall be presumptive evidence of the passage and taking effect of such ordinance, refers only to the record made in the manner prescribed in the statute and recorded in a book kept for that purpose, and such provision does not apply to a penal ordinance, the record of which does not show its publication in accordance with statutory requirements. p. 275.

From Tipton Circuit Court; *Leroy B. Nash,* Judge.

Action by Ernest E. Wishard against the Central Indiana Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*U. C. Stover* and *Dan Waugh,* for appellant.

*William F. Elliot* and *Wymond J. Beckett,* for appellee.

LAIRY, C. J.—Appellee recovered a judgment against appellant for damages on account of injuries to his person caused by a collision of appellant's cars with appellee's automobile when he was crossing appellant's tracks at a street crossing in the city of Noblesville. The record shows that the tracks of appellant in the city of Noblesville run east and west along and within the limits of Vine street, and that Sixth street in said city runs north and south and crosses Vine street and appellant's tracks practically at right angles. In addition to its main track appellant maintained two switch tracks, one north and the other south of the main track, and also a spur track north of the main track, all of which crossed Sixth street. A coal shed and other ob-

structions were near the crossing, and, at the time of the injury to appellant, a freight car eight and one-half feet in height was standing on the north sidetrack, the west end of which extended into Sixth street a distance of eight and one-half feet. Appellee was driving his car south on Sixth street and was attempting to cross the tracks on Vine street when his automobile was struck by a cut of cars which was approaching from the east. The negligence charged against appellant by the complaint is that it negligently left said freight car standing on its sidetrack in the street; that it negligently and carelessly, and without notifying appellee, ran a cut of freight cars from the east over its main track, without any bell or whistle attached thereto, against appellee's automobile; that it negligently kicked or shunted, or by means of what is known as a flying switch "ran said freight cars toward the west and across said crossing without any engine attached thereto and without any watchman on the west end of said cut of cars and without any watchman at said street crossing." The errors assigned and not waived are the overruling of appellant's motion for a new trial and the overruling of its motion for judgment on the interrogatories notwithstanding the general verdict.

Appellant asserts that the answers to interrogatories show affirmatively that appellee was guilty of contributory negligence. As bearing on this question the answers show that appellant was acquainted with the Sixth street crossing over appellant's tracks; that before he turned into Sixth street he had seen the engine and cars at Eighth street, which is about 400 feet east of Sixth street; that he approached the crossing with his engine in high gear, but at slow speed, and stopped it on the east side of Sixth street at a point thirty feet north of the main track; that Sixth street is fifty feet wide and that there was nothing to prevent him from

stopping his car on the west side of the street; that a fence and a shed ten feet high along the east side of Sixth street extended to a point within seven feet of the sidetrack and that appellant knew of said fence and shed; that there was a coal car eight or nine feet high standing on the sidetrack at the east side of Sixth street with its west end extending eight or nine feet into Sixth street, and that the center of the sidetrack was thirteen feet north of the center of the main track; that appellee heard the engine and cars coming toward Sixth street from the east, and while his automobile was stopped the engine and one car passed over Sixth street; that the seat on appellee's automobile was four or five feet back of the front end of the car and when seated therein his eyes were about five and one-half feet above the ground; that with little inconvenience appellee could have alighted from his automobile and gone forward and ascertained whether other cars were following the engine and car which had passed; that he did not rise up or change his posture so as to obtain a better view of the tracks in either direction before driving upon the tracks; that he did not stop the motor while his car was standing, and that it made a noise while running; that after the engine and car had passed the crossing appellee put his car in motion, but not immediately, and was proceeding at about four miles per hour when he started to cross the main track between the car attached to the engine which had passed and the cut of cars following, and that he did not see the cut of cars which struck his automobile until they were within three or four feet of his car. The foregoing facts taken from the answers to interrogatories are those most favorable to appellant's contention, and are the ones upon which he relies as showing contributory negligence.

It is claimed that these answers show that appellee

did some things which ordinary care required him not to do under the circumstances, and that he neglected to do some things which ordinary care required of him. The law imposes a duty on travelers on a highway approaching a railway crossing to use reasonable care. This duty arises out of the relation of parties and is declared to exist as a matter of law; but when the question arises as to what acts or conduct ordinary care requires under the circumstances of a particular case, this must generally be determined as a question of fact. The court cannot say as a matter of law that ordinary care required a designated act to be done or that it required a specific act to be omitted, unless the act in question was of such a character as to be wholly incompatible with the exercise of reasonable care when considered in the light of attending circumstances. It must be so absolutely inconsistent with the exercise of ordinary care that there could be no room for reasonable minds to differ on the question. So long as there is room for an honest difference between reasonable minds as to whether or not the doing (or the omission to do, as the case might be) of the particular act was consistent with the care that a man of ordinary prudence would use under the circumstances, the question is one of fact for the jury. What has been said does not apply, of course, to acts that are specifically required or forbidden by a law or ordinance. As to those acts, the doing of those so forbidden or the omission to do those so required is negligence *per se*. With this latter question we are not now concerned and it is mentioned only that the distinction may be preserved between negligence as a matter of law and negligence as a question of fact.

The courts of this State have been very cautious in stating that any special acts or precautions were re-

quired in the exercise of ordinary care, generally 4. leaving that question to the jury. This court has declared as a matter of law that ordinary care requires a person about to cross a railroad track to use his senses of sight and hearing, but it has never said that he must stop or that he must look or listen at any particular place, except that he should exercise reasonable care to look or listen at some place where such precautions would enable him by the exercise of such care to see or hear the approach of a train. *Pittsburgh, etc., R. Co.* v. *Dove* (1915), 184 Ind. 447, 111 N. E. 609, and cases there cited.

Appellant asks us to go further in this case and to declare as a matter of law that other specific precautions on the part of appellee were necessary in the exercise of ordinary care, as, for instance, to stop his motor, or to stand up and look, or to get out and go forward and look up and down the track. It is possible that the judge who presided at the trial may have thought that ordinary care under the circumstances shown required the use of some or all of such precautions or that some of the members of this court may think so; but these are not questions of law for the decision of courts. It has been thought wise to submit such question to the twelve laymen composing the jury to be decided as questions of fact under proper instructions from the court, in order that they may bring to bear their varied experiences and knowledge of men, in determining what a reasonably prudent man would ordinarily do under the circumstances disclosed by the evidence. This court cannot say that there is no room for reasonable minds to differ on any of these questions; and, therefore, cannot hold as a matter of law that any precaution under consideration should or should not have been observed in the exercise of due care.

Appellant asserts that a distinction should be drawn between automobiles and vehicles drawn by horses in respect to the conduct of the driver in approach-

5. ing a railway crossing. It is suggested that the speed of an automobile is under the complete control of a driver, and that when moving at slow speed it can be brought to a quick stop within a few feet of the tracks, if necessary to avoid danger, without exposing the occupant to the danger incident to the fright of horses, which would be likely if the vehicle were drawn by horses. There can be no doubt that it is possible for the driver of an automobile to take some precautions which are not available to the driver of horses, and the facts suggested, if they appear from the evidence, are all proper for the consideration of the jury in determining what precautions ordinary care required the driver of a motorcar to use under the circumstances of the particular case. After all is said, however, the driver of a motorcar is required to use only ordinary care; but what he should do in the exercise of due care must depend on the conditions surrounding him, as shown by the evidence, and the means available for controlling the speed and managing the car.

It is entirely proper for the trial court in its instructions to advise and direct the jury that in the consideration of such questions it should take into account the character of the vehicle in which the injured party was riding, and the manner and method of its control, etc.; but when such court in any case attempts to fix a standard or quantum of care different from that above indicated it intrenches on the right of the trial of such question by the jury. Constitution, Art. 1, §65; §249 Burns 1914, Acts 1911 p. 415; *Balzer* v. *Waring* (1911), 176 Ind. 585, 95 N. E. 257, 48 L. R. A. (N. S.) 834; *Pittsburgh, etc., R. Co.* v. *Dove, supra,* and cases cited.

In support of its contention appellant cites a number of cases. *New York, etc., R. Co.* v. *Maidment* (1909), 168 Fed. 21, 93 C. C. A. 413; *Brommer* v. *Pennsylvania R. Co.* (1910), 179 Fed. 577, 103 C. C. A. 135, 29 L. R. A. (N. S.) 924; *Chase* v. *New York, etc., R. Co.* (1911), 208 Mass. 137, 94 N. E. 377; *Spencer* v. *New York Central R. Co.* (1908), 108 N. Y. Supp. 245; *McFern* v. *Gardner* (1906), 121 Mo. App. 1, 97 S. W. 972; *Northern Pacific R. Co.* v. *Tripp* (1915), 220 Fed. 286, 136 C. C. A. 302. It claims that some of these cases announce as a matter of law just what acts should be done and what precautions should be taken by the drivers of motorcars in approaching railway crossings. Some of the cases cited, and especially *Brommer* v. *Pennsylvania R. Co., supra*, seem to lend support to appellant's contention; but, if they are to be held as sustaining the proposition announced, they are contrary in principle to the rule announced by the Supreme Court of United States. *Grand Trunk R. Co.* v. *Ives* (1892), 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485. The rule announced would also be in conflict with the principles of law herein announced and would be contrary to the settled rule declared by the decisions of this State. *Pittsburgh, etc., R. Co.* v. *Dove, supra.*

By the general verdict the jury found that appellee exercised ordinary care, and this court cannot say as a matter of law that any of the acts or omissions

6. shown by the answers to interrogatories and relied on by appellants as constituting negligence *per se*, were necessarily required of appellee in the exercise of ordinary care. The court did not err in overruling appellant's motion for judgment in its favor on the interrogatories.

In presenting the insufficiency of the evidence to sustain the verdict, appellant takes the position that the evidence shows that appellee was guilty of contributory

negligence. The same questions are presented with reference to this as are presented and considered with reference to the motion for judgment on the answers to interrogatories. For the reasons above stated we hold that the evidence is sufficient to sustain the verdict.

Complaint is made of instruction No. 7 tendered by appellee and given by the court, in that the court informs the jury that the leaving of a car extending seven or eight feet out into Sixth street was negligence *per se,* when the question of negligence should have been left to the jury. There was evidence that the car was in the street and under §2671 Burns 1914, Acts 1905 p. 584, 747, it is a misdemeanor for a conductor or other person to permit a car to remain across a public street. This is negligence *per se.* The car shut off the view of the other track from appellee and certainly contributed to the injury. The violation of a statutory duty is negligence *per se. Cleveland, etc., R. Co.* v. *Tauer* (1911), 176 Ind. 621, 96 N. E. 758, 39 L. R. A. (N. S.) 20.

Complaint is next made by appellant of the refusal of the court to give instruction No. 3 tendered by it. This instruction sets out the substance of §§10465, 10476 Burns 1914, Acts 1913 pp. 779, 780, 786, regulating the speed of automobiles, and requiring the owner thereof to register, etc., and closed by telling the jury that if appellee, when injured, was operating his automobile in violation of any of such provisions, he could not recover, and that its verdict should be for the defendant, although it was found guilty of negligence. Without intimating that the instruction was applicable to any phase of the case presented by the evidence, it is sufficient to say that the last clause thereof was fatally prejudicial to appellee, and made the refusal to give it proper. Under it any

violation of any of the provisions of the statute would defeat recovery by appellee, though such violation did not remotely contribute to his injury.

The refusal to give instruction No. 10 tendered by appellant is urged as error. The closing part of this instruction is as follows: "And if you find that because of obstructions or other conditions it was impossible for plaintiff to learn whether or not a train of cars was approaching the Sixth street crossing, and he could, with little inconvenience, have left his car and gone ahead on foot, and have satisfied himself whether or not cars or a train was approaching said crossing, then I instruct you that under such circumstances it was his duty in the exercise of due care, to have alighted from his car and gone ahead and looked, and he is guilty of contributory negligence if he did not do this, and he cannot recover." For the reasons indicated in our discussion of the answers to interrogatories this instruction was properly refused.

There was no error in refusing to give tendered instruction No. 12 for, assuming that it correctly states the law, it was sufficiently covered in the instructions given.

Appellant contends that the court erred in excluding from the evidence a certified copy of an ordinance of the city of Noblesville, §1 of which limited the speed of an automobile or other vehicle drawn by steam, electricity, gasoline or other mechanical power to six miles per hour within the corporation limits of said city, and provided that the ordinance should not apply to vehicles run upon steel rails. Section 2 provided that the driver of any such vehicle as is described in §1 shall give a signal when approaching any street crossing in the city of Noblesville, and also prescribed the care to be exercised by such drivers in turning

the corners of streets and on meeting or overtaking vehicles drawn by horses. Section 3 provides a penalty for the violation of any of the provisions of the ordinance.

Appellee asserts that the ordinance was properly excluded for the reason that it was not properly pleaded as a defense by a special answer. It was offered 12. for the purpose of laying a foundation for the proof of facts showing the violations of some of its provisions as showing negligence *per se*. The statute providing that the burden of proving contributory negligence in a certain class of cases shall rest on the defendant also provides that such evidence may be given under the general denial. It has been held that proof of the existence of an ordinance and evidence to show its violation is admissible to show contributory negligence without being specially pleaded. *Horace F. Wood Transfer Co.* v. *Shelton* (1913), 180 Ind. 273, 101 N. E. 718.

As every presumption is indulged in favor of the ruling of the trial court, it must be assumed on appeal that some sufficient ground existed which justified the 13. court in excluding the offered evidence. If the ruling of the trial court was correct for any reason, it will be upheld on appeal. The court will search the record to affirm. *State, ex rel.* v. *Board, etc.* (1906), 167 Ind. 276, 78 N. E. 1016, and cases cited.

The ordinance offered in evidence was passed in 1903, and provided that it should take effect after its publication for two weeks in the Daily Ledger "the first 14. of which publication shall be made on the —— day ——, and the second on the —— day of said month 1903". The ordinance is penal in its character. A statute in force at the time this ordinance was passed provided: "Every by-law imposing a penalty or forfeiture for the violation thereof shall, before the same

shall take effect, be published two weeks consecutively in some newspaper published in the city". Unless it was shown that the ordinance had become effective by virtue of its publication in accordance with the statute, the court's action in excluding it was proper. There was no proof that it was ever published, and, under the statute in force when it was passed, the record showing its adoption did not furnish presumptive evidence that it was in effect. Appellant asserts that the law in force at the time of the trial made the record showing the adoption of the ordinance presumptive evidence of its passage and going into effect, citing §52 of the Cities and Towns Acts 1905 p. 219, 245, §8654 Burns 1914. The section to which we are cited is a part of the general act providing for the government of towns and cities. The section deals with the legislative power of cities and confers power on the council of cities to pass ordinances for the government of the city. It prescribes the manner in which ordinances shall be passed and provides that no ordinance shall become a law or operative until it has been signed by the presiding officer of the council and approved in writing by the mayor or passed over his veto. It further provides that all ordinances shall, within a reasonable time after their approval by the mayor or their passage over his veto, be recorded in a book kept for that purpose by the city clerk. Such record shall include the signature of the presiding officer, the attestation of the clerk and the mayor's written approval or disapproval, and in the latter case, a memorandum of the passage of the ordinance over the veto, with the date of each of such acts. Such record, or a certified copy thereof, shall be presumptive evidence of the passage and the going into effect of such ordinance. The last sentence of this section clearly refers to a record made in the manner prescribed in the section and re-

corded in the book kept for that purpose as therein provided. It cannot be held to apply to the ordinance offered in evidence in this case. It has been held in this state that an ordinance which has not been published in accordance with the statute is without force or effect. *Loughridge* v. *City of Huntington* (1877), 56 Ind. 253; *Meyer* v. *Fromm* (1886), 108 Ind. 208, 9 N. E. 84.

In the case of *Lake Erie, etc., R. Co.* v. *Brafford* (1896), 15 Ind. App. 655, 43 N. E. 882, 44 N. E. 551, it was held that, where an ordinance was admitted in evidence without objection, the court on appeal would assume that it was in force and effect even though no evidence was offered as to its publication. The question arose in that case on the question of the sufficiency of the evidence to sustain the verdict. The court said: "In the decision of this case, we go no further than to hold that, under the facts here involved, the jury was justified in holding the ordinance in force. This course will, in our opinion, as a rule, produce just and proper results; for, if there really be any controversy as to the publication, the party can, by objection to the introduction, call for the proof." This case was followed in the later case of *Pittsburgh, etc., R. Co.* v. *Rogers* (1909), 45 Ind. App. 230, 87 N. E. 28. In neither of these cases was it held or even intimated that a penal ordinance could be properly admitted in evidence without proof of publication where its admission was objected to at the time for that reason, but, on the contrary, it was clearly intimated that if the question had been properly raised by an objection, the court should have declined to admit the ordinance in evidence unless its publication was first proved. The record shows that an objection was made to the ordinance when offered, which the court sustained. For reasons stated this ruling was not error. Judgment affirmed.

NOTE.—Reported in 114 N. E. 970. Railroads: (a) crossings, care required of drivers of automobiles, 21 L. R. A. (N. S.) 794, 29 L. R. A. (N. S.) 924, 46 L. R. A. (N. S.) 702; (b) accidents to automobiles at crossings, Ann. Cas. 1913 B 680, 1915 B 767.; (c) duty of driver of automobile where view is obstructed, 37 L. R. A. (N. S.) 142, 46 L. R. A. (N. S.) 705; (d) negligence of companies in respect to flying switches or detached cars moving by their own momentum, 18 L. R. A 63, L. R. A. 1916 C 1033; (e) duty of companies as to persons approaching tracks, 20 Am. St. 114; (f) duty of traveler, after looking both ways on approaching tracks, to look again just before crossing, Ann. Cas. 1914 A 536; (g) liability of company for injury at a crossing as affected by cars blocking the crossing unlawfully, Ann. Cas. 1915 B 642. Statutes: violation of, not intended for plaintiff's benefit as actionable negligence; 9 Ann. Cas. 427, Ann. Cas. 1912 D 1106; 1916 D 301; violation of, as contributory negligence, 4 Ann. Cas. 513. See under (1) 33 Cyc 981; (2) 33 Cyc 1111; (8) 33 Cyc 932, 1136.