HENRY *v.* BALTIMORE AND OHIO RAILROAD COMPANY ET AL.

[No. 27,640.    Filed November 13, 1941.    Motion to reconsider denied December 29, 1941.]

*James E. Bingham, George F. Bingham,* and *Charles W. Cook, Jr.,* all of Indianapolis, and *Branigin & Branigin,* of Franklin, for appellant.

*Sidney S. Miller* and *Harold H. Bredell,* both of Indianapolis, and *George B. Staff,* of Franklin, for appellees.

ROLL, J.—Appellant brought this action against appellees to recover damages for the death of his minor son, Joseph E. Henry, who was struck by a train operated by appellee, The Baltimore and Ohio Railroad Company, while crossing the track of said railroad, at what is known as the West Michigan Street Crossing. As a result of said accident, appellant's son was killed.

The jury returned a verdict for appellees, upon which the court rendered judgment. Appellant filed a motion for a new trial which the court overruled. The only error assigned on appeal, is the overruling of the motion for a new trial.

Under this assignment appellant challenges certain instructions given to the jury. The first instruction questioned is instruction No. 7, tendered by appellees and given by the court. This instruction reads as follows:

"The presence of railroad tracks is a warning of danger to anyone attempting to cross them, and it is the duty of a person about to cross railroad tracks to use his eyes and ears to learn that the crossing is safe, and this duty is not performed by such person by looking from a point where the view is obstructed, but the duty is a continuous one and must be performed at any point from which the presence of approaching trains or cars might have been detected; and if you find from the evidence in this case that Joseph E. Henry failed to perform this duty and by performing it he might have seen the danger of the approaching train in time to have avoided it, and such failure contributed to his injuries such failure was contributory neg-

ligence on his part and the plaintiff cannot recover in this action."

Appellant contends that the instruction is erroneous in that it imposed upon appellant's son the duty to use more than ordinary care, to detect the approach of appellee's train. He contends that by this instruction, the jury was told, that a person about to cross a railroad track must use his ears and eyes to learn that the crossing is safe; that it is not sufficient *if the* person looks from a point where his view is obstructed, and if he does look from a point where his view is obstructed, he must keep on looking until he reaches a point where he can see the approach of the train, if one is approaching. In other words, the instruction tells the jury, that a person about to cross a railroad track must select a point where he can see the approach of the train, if one is approaching, and if he does not he is guilty of contributory negligence. We think there is much merit in appellant's contention. It seems that the law requires only the exercise of reasonable care in the selection of the place from which to look and listen.

In *Central Indiana R. Co.* v. *Wishard* (1917), 186 Ind. 262, 269, 114 N. E. 970, this court said:

"This court has declared as a matter of law that ordinary care requires a person about to cross a railroad track to use his senses of sight and hearing, but it has never said that he must stop or that he must look or listen at any particular place, except that he should exercise reasonable care to look or listen at some place where such precautions would enable him by the exercise of such care to see or hear the approach of a train. *Pittsburgh, etc., R. Co.* v. *Dove* (1916), 184 Ind. 447, 111 N. E. 609, and cases there cited."

The same rule was expressed in the case of *Pittsburgh, etc., R. Co.* v. *Dove* (1916), 184 Ind. 447, 453, 111 N. E. 609, in the following language:

"The duty to use ordinary care to avoid injury which is imposed on one about to make use of a street over which railroad trains cross does not ordinarily require him to stop but it does require him to look and listen and to exercise ordinary care to select a place where the act of looking and listening will be reasonably effective. That point, however, in its precise relation to the track in feet, is seldom to be determined as a matter of law. The underlying test being, Was ordinary care used by the traveler in selecting the place in view of the conditions before him and the danger reasonably to be anticipated?"

In *Baker* v. *Baltimore, etc. R. Co.* (1916), 61 Ind. App. 454, 112 N. E. 27, the court recognized the same rule of law, and there cites the case of *Cleveland etc. R. Co.* v. *Lynn* (1908), 171 Ind. 589, 85 N. E. 999. This court in the Lynn case cites many authorities and quotes freely from many cases on this question. The court quotes *3 Elliott, Railroads* (2d ed.), § 1179a, as follows:

"Even in Indiana, where the rule as to looking and listening is well established, it is held that particular circumstances requiring the traveler to direct his attention temporarily elsewhere, or misleading him, may make the case one for the jury, and that the rule is not inflexible and unvarying as to time and place, so as to always, and under all circumstances, require the case to be taken from the jury merely because the traveler might have seen the train if he had looked in the right direction at a particular instant from a particular place."

On page 595 the court quotes with approval the following excerpt from *Rodrian* v. *New York, etc., R. Co.* (1891), 125 N. Y. 526, 529, 26 N. E. 741:

"If in case of an accident at a crossing it appears that the person injured did look for an approaching train, it would not necessarily follow as a rule of law that he was remediless because he did not look at the precise place and time, when and where looking would have been of the most advantage. Many circumstances might be shown which could properly be considered by the jury in determining whether he exercised due and reasonable care in making his observation. The presence of other and imminent dangers, the raising of gates erected by the company to guard the highway, giving assurance that the crossing was safe; these, and similar circumstances appearing, they may be considered in determining whether the person injured, who did in fact look and listen before attempting to cross the track, fairly discharged the duty imposed upon him, although it should appear that if he had looked at another instant of time, or had looked last in the direction from which the train was approaching, he would have seen it."

We think the instruction in effect, told the jury that appellant's son, as he approached appellees' tracks, was bound to look for an approaching train from some point where he could see the approaching train, and if he failed to look from such a point in time to avoid being injured, he would be guilty of contributory negligence. This view is in conflict with the law as expressed in the above cited cases and requires a reversal of the case.

Appellant also complains of instruction No. 10, tendered by appellee and read to the jury. This instruction was as follows:

"If you believe from a fair preponderance of the evidence that the proximate cause of the injuries of Joseph E. Henry was his own act in heedlessly and negligently stepping on the railroad track immediately in front of the train which struck him, then I instruct you that your verdict should be for the defendants."

Appellant says that by this instruction the court told the jury that Joseph E. Henry "heedlessly and negligently" entered upon appellees' tracks. Appellees say that the instruction left to the jury the question of whether Joseph E. Henry, did "heedlessly and negligently" step on the railroad track immediately in front of the train. While the instruction might from a strict grammatical construction be correct, it certainly was very misleading to the jury. From hearing the instruction read, the jury, very reasonably could have received the impression that the court was telling them that Joseph E. Henry "heedlessly and negligently" stepped in front of the train. Such misleading instructions should be avoided. If the court intended to tell the jury that it was for it to determine from the evidence, whether Joseph E. Henry was guilty of negligence in stepping on the track immediately in front of the train, and whether such negligence was the proximate cause of the death of said Joseph E. Henry as contended by appellee, it could have done so in such simple language that the jury would have understood it beyond question. Because the instruction was subject to such interpretation, we are of the opinion that it should be avoided.

Appellant says that appellee's instruction No. 17, while it was a correct statement of the law, should not have been given because there was no evidence to which the instruction could apply. The instruction told the jury that any negligence on the part of appellant proximately contributing to the death of Joseph E. Henry would bar a recovery. As far as we are advised there was no evidence to which the above instruction could have been applicable, and hence should not have been given.

Complaint is made of other instructions which deal with the duty owing to a licensee or trespasser, by the appellee, The Baltimore and Ohio Railroad Company. The appellant contends that the evidence conclusively shows that Joseph E. Henry was on the public sidewalk and not upon the private right of way of the appellee at the time of the injury. The appellant contends, therefore, that the instructions are erroneous, since they were inapplicable to the evidence. There was evidence of at least one witness to the effect that Joseph E. Henry was from fifteen to twenty paces east of the regular pedestrian crossing when he was struck, and was accordingly on the private right of way of the appellee, The Baltimore and Ohio Railroad.

In view of this evidence, the instructions are not open to the objections urged.

Objections to other instructions are made by appellant, but they are of such a character that they will not probably arise in a subsequent trial.

Judgment reversed with instructions to set aside the judgment herein rendered, and to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

Judgment reversed.

NOTE.—Reported in 37 N. E. (2d) 190.