JONES ET AL *v.* CARY, ETC.

[No. 27,652.    Filed December 8, 1941.]

*James E. Bingham, Charles W. Cook, Jr.,* and *George F. Bingham,* all of Indianapolis, and *Thomas E. Kane,* of Noblesville, for appellants.

*Fae W. Patrick* and *Thomas L. Webber,* both of Indianapolis, and *Cloe & Campbell,* of Noblesville, for appellee.

SWAIM, J.—The appellee, a minor, brought an action by her father as next friend for damages for injuries resulting from an automobile accident alleged to have been caused by the negligence of the appellants and one Southwood.

At the time of the accident the appellee was riding with her father in his automobile which was being driven by him in a westerly direction upon and along U. S. Highway 52 about eleven miles southeast of Indianapolis. A short distance in front of the automobile in which the appellee was riding an automobile belonging to the appellant Jones was being driven by the appellant Hebenstreit along said highway in the same direction. An automobile owned and operated by said Southwood was being driven in an easterly direction on said highway, was in collision with the automobile being driven by Hebenstreit and then collided with the automobile in which appellee was riding, thereby causing the injuries complained of.

The complaint alleged that the appellant Jones owned and was operating his automobile through his duly authorized agent, Hebenstreit; that said Hebenstreit "was driving said Chevrolet automobile at said time and place for the said defendant William Jones, as his agent and driver, and within the due scope and course of his employment. That at all times herein mentioned, said automobile was being driven by said defendant Clem Hebenstreit, under the direction, control and supervision of the defendant William Jones who was riding in said automobile at said time." The complaint also alleged that the defendants Jones and Hebenstreit "carelessly and negligently failed to keep

a lookout for other automobiles using said highway and carelessly and negligently failed to keep said automobile under control so that the same could be operated to the north of a certain automobile driven by the defendant, Albert Southwood, then and there approaching from the west, as hereinafter alleged." The complaint further alleged that the defendant Southwood "carelessly and negligently drove and operated his automobile to the left and North of the center line of said highway, and at a high and dangerous rate of speed, . . . and at a rate of speed that was greater than was reasonable or prudent" under the circumstances; that as a result of such carelessness and negligence of the defendants there was a collision between their automobiles; and that as a result of said collision the Southwood automobile was thrown against the automobile in which plaintiff was riding thereby causing the injuries complained of.

To this complaint the appellants and the defendant Southwood filed separate answers of general denial and on the issues thus joined the cause was submitted for trial before a jury. At the conclusion of plaintiff's evidence the appellant Jones filed his motion to instruct the jury to direct a verdict for him and against the appellee, which motion was overruled. During the course of the trial the appellant also moved the court for a withdrawal of submission of said cause and for a *venire de novo*. The jury found for the appellee as against the appellants but for the defendant Southwood as against the appellee.

The appellants have assigned as error the action of the court, (1) in overruling the motion of the appellant William Jones to instruct the jury peremptorily, (2) in overruling the motion of the appellants for a withdrawal of the submission of said cause and for a *venire*

*de novo,* and (3) in overruling the motion of the appellants for a new trial.

Under their first assigned error the appellants contend that there is a total failure of proof tending to show that the appellant Jones was responsible for the operation of the automobile being driven by the appellant Hebenstreit.

While it is true that the mere presence of the owner in his automobile while it is being driven negligently by another does not necessarily render the owner liable, "the owner's presence is an important element where recovery is sought on the theory that the driver was acting as his servant or agent, or that he had control over its operation, as an inference that the car was being driven by his agent, or that he had control over its operation, is furthered by such presence." 80 A. L. R. 285, 286, Ann. Where the owner of an automobile, being himself in possession of it, requests another person to drive, the owner does not thereby exclude his own right and duty to control the automobile. Unless the owner has, by contract or otherwise, abandoned his right to control the operation of his automobile, he is liable as principal for damage caused by the negligence of the person actually driving. If the owner has the *right* to control the operation of an automobile he cannot escape liability for an injury caused by its negligent operation by being passive and failing to exercise such right. *Sargent Paint Co.* v. *Petrovitzky* (1919), 71 Ind. App. 353, 124 N. E. 881.

By sitting in his own automobile and failing to exercise his right to control its operation while another is operating it negligently, an owner tacitly consents to such negligent operation. *Willis* v. *Crays* (1926), 84 Ind. App. 253, 151 N. E. 13; *Daggy* v. *Miller* (1917), 180 Iowa 1146, 162 N. W. 854;

*Chambers* v. *Hawkins* (1930), 233 Ky. 211, 25 S. W. (2d) 363.

In the instant case the evidence shows that the appellant Jones was the owner of the automobile; that he and his wife and Hebenstreit and his wife and daughter had gone over to Hamilton, Ohio, for a visit in the home of Hebenstreit's parents and at the time of the accident were returning to Indianapolis. That on the return trip from Hamilton, Jones drove as far as Oxford and then asked Hebenstreit to drive "a little bit." They thereupon changed places in the front seat and proceeded with Hebenstreit driving and Jones sitting in the front seat with him; that Jones does not like to drive an automobile; that Hebenstreit's parents had given their son and Jones some canned food which was in the automobile at the time of the collision; and that Jones and Hebenstreit with their wives had made several other such visits together to Hamilton, Ohio. This evidence furnishes a sufficient basis for the inference that Jones had not abandoned nor relinquished his right to control the operation of his automobile and that Hebenstreit was simply driving for Jones, as the agent of Jones.

During the course of the trial and immediately after court had adjourned for a recess and while the jury was passing out of the courtroom, counsel for the defendant, Southwood, made a remark to counsel for appellants about a statement concerning the case taken by an adjuster. Counsel for appellants state in their brief that because of this remark, which they claim was prejudicial and so intended because it was calculated to inform the jury that appellants were insured, the court erred in overruling appellants motion for a withdrawal of submission of said cause and for a *venire de novo*.

Such a motion is addressed to the sound discretion of

the court. *Turpie* v. *Knowles* (1881), 78 Ind. 221. Here, after taking the statements of counsel ■■ who were present when the remark was made, the court stated that in his opinion the jury did not hear the remark but instructed the jury that if they did hear, the remark was not to be considered as a part of the case and that it should not be permitted to create any prejudice or have any influence on the verdict. Under these circumstances no abuse of discretion was shown.

As above stated, the harm claimed by the appellants to have resulted from this remark was that it imparted to the jury the information that the appellants ■ were insured. Later in the trial, evidence was introduced which clearly informed the jury that the appellants were insured. No error predicated on the introduction of such evidence has been assigned. The introduction of such evidence, therefore, rendered harmless any possible error of the court in overruling the motion.

The court gave the defendant Southwood's instruction No. 3 which instructed the jury that the defendant Southwood was not guilty of negligence if he ■ "exercised all the care and foresight that was reasonably practicable under the circumstances." Appellants say that this is not equivalent to "the care that an ordinarily prudent person would exercise under the same or similar circumstances." They quote the following definition of "practicable" from Webster's New International Dictionary: "That may be practiced or performed; capable of being put into practice, done, or accomplished; feasible." Accepting this as a correct definition of "practicable," the instruction in question told the jury that Southwood was not to be found guilty of negligence if he used "all the care and

foresight that was reasonably 'capable of being put into practice' under the circumstances." Since this instruction was more favorable to the appellants than an instruction containing the common definition of ordinary care, they were not harmed. *Southern Ind. Gas & Electric Co.* v. *Storment* (1934), 206 Ind. 25, 188 N. E. 313.

Appellants also complain of the giving of instruction No. 5, tendered by the defendant Southwood, which instruction informed the jury, "that the care of a prudent man varies according to the circumstances dependent upon the degree of danger so that the degree of care and foresight which is necessary to be used in any given case must always be in proportion to the danger apparent and which is to be anticipated and guarded against." This abstract statement as to how much care a prudent man uses or should use, was immediately preceded by instruction No. 4, tendered by said defendant Southwood, which correctly defined "ordinary care." When these two instructions are considered together, as they were given, we cannot say that the abstract statement in instruction No. 5 constituted reversible error. While the degree of care required is always the care which an ordinarily prudent person would exercise *under the same or similar circumstances* a material change in the circumstances might cause the ordinarily prudent person to act differently, so that, actions or omissions to act which would constitute negligence under one set of circumstances, might, under a different combination of circumstances, constitute the action of a reasonably prudent person and, therefore, not amount to negligence. The definition of the degree of care required is the same in both cases, although the action required, because of the varying circumstances may be different. As said by this court

in *Union Traction Co.* v. *Berry, Admr.* (1919), 188 Ind. 514, 522, 121 N. E. 655, 124 N. E. 737, while the amount of care required to measure up to "reasonable care" under the circumstances of each particular case is a matter peculiarly within the province of the jury, "The quantum of care, the safeguards to be used, the precautions to be observed, the care and foresight to be exercised in each case, must be as variable as the facts involved in different cases are various." Said instruction No. 5 did not attempt to tell the members of the jury, as a matter of law, that in the case they were deciding there were certain dangers or unusual dangers which required any certain amount of care, but only stated abstractly that the conduct required to measure up to the invariable standard of duty does vary according to the conditions and circumstances shown by the evidence in each case.

By instruction No. 7, tendered by the defendant Southwood, and given by the court, the jury was told that, "There is no statute in this state limiting the speed of the defendant Southwood's automobile as he travelled over and along said highway." Considering this instruction together with all other instructions, we do not believe that the jury could have understood it as saying more than that in this state there is no statute limiting the speed of automobiles to any certain number of miles per hour. The court gave instruction No. 1, tendered by the appellants, which instruction quoted the statute requiring that automobiles be driven at a speed that is neither "greater nor less than is reasonable or prudent having regard to the width of the highway, the density of traffic . . ." and then told the jury that if it was found from a preponderance of the evidence that Southwood was operating his automobile at a speed greater than

was reasonable or prudent and that as the sole proximate result thereof the collision occurred, then the plaintiff could not recover against the defendants Hebenstreit and Jones. The court also gave instruction No. 15, tendered by the appellants, which told the jury that if it was found that the collision and injuries "would not have occurred except for the excessive rate of speed, if it was excessive, of the Southwood car under such circumstances" the appellants would not be liable. We do not believe the appellants could have been harmed by said instruction No. 7.

Appellants contend that the giving of instruction No. 9, tendered by the defendant Southwood, injected an issue of negligence not alleged in the complaint by charging the jury that it was "unlawful for any person in this state to operate a motor vehicle upon any public highway of the state while under the influence of intoxicating liquor, and intoxication of the driver of an automobile will not excuse him for the consequences thereof."

The complaint alleged that the appellants *"carelessly and negligently failed to keep said automobile under control* so that the same could be driven and operated to the north of a certain automobile driven by the defendant, Albert Southwood, then and there approaching from the west." This charge of the complaint would authorize the introduction of evidence that appellants were driving too fast, that they were inattentive to their driving or that they were driving while under the influence of intoxicating liquor.

There was evidence to support a finding by the jury that at the time of the collision the appellant Hebenstreit was under the influence of intoxicating liquor to such an extent that he seemed to be in a stupor and said that he did not know how the

collision had occurred. A driver in this condition who fails to keep his automobile under control and thereby causes a collision with an approaching automobile is not permitted to avoid the consequences of his negligent action by showing that he was unlawfully operating the automobile while under the influence of intoxicating liquor and was in such a condition that he did not know how the accident happened. The instruction was a correct statement of the law and was applicable to the evidence. The use of the word "unlawful" under these circumstances was not improper.

Appellants also complain of this instruction for failing to define "under the influence of intoxicating liquor." If the appellants deemed it necessary that this phrase be defined they should have tendered an instruction explaining or defining it. Having failed to do so, any possible error predicated on the instruction being incomplete in that particular is waived.

Appellants insist that the defendant Southwood's instruction No. 10, given by the court, invaded the province of the jury by charging the jury that "the proximate cause of the injury was the defendant Hebenstreit's negligence in so operating his automobile to the south of the center line of said road." The jury was told by this instruction that to determine whether or not there was any liability in this case the jury must first determine the proximate cause of the plaintiff's injury; that to determine the proximate cause the jury should consider all evidence in the case upon the facts and circumstances attending and entering into the alleged collision; and that, "if you believe from the evidence that the defendant, Southwood, was driving his automobile upon said highway to the southward of the center line thereof, and using ordinary care, and

that the defendant Hebenstreit approached him from the opposite direction and suddenly swerved to the south and to the left of said Hebenstreit, thereby striking the automobile which defendant, Southwood, was driving, and that on account of such striking and collision, said Southwood's car then became out of his control and as a proximate result of said collision, was thrown against the car in which plaintiff was riding, injuring her as alleged in the complaint, then under such circumstances, the proximate cause of the injury was the defendant Hebenstreit's negligence in so operating his automobile to the south of the center line of said road and to the left of said Hebenstreit and under such circumstances, you should not find the defendant Southwood guilty of negligence and your verdict should be for the defendant Southwood."

If the jury properly found from the evidence that at the time of the collision Southwood was driving his automobile on his right side of the road and using ordinary care, he could not have been guilty of any negligence which was the proximate cause of the injury. And if, on the other hand, the jury properly found from the evidence that as the two automobiles so approached each other Hebenstreit, without any excuse or reason, "suddenly swerved to the south and to the left . . . thereby striking the automobile which defendant, Southwood, was driving," with ordinary care on the south, or on his right hand side of the center line of said highway, such driving by said Hebenstreit constituted negligence as a matter of law. At the time this accident occurred a statute of this state, Acts 1925, ch. 213, § 37, p. 570, expressly required the driver of a motor vehicle to keep his motor vehicle on the right of the center of the highway when meeting another motor vehicle. A violation of

such a statute ordinarily constitutes negligence *per se* and makes the violator liable for damages resulting therefrom. *Indiana B. & W. Ry. Co.* v. *Barnhart* (1888), 115 Ind. 399, 16 N. E. 121; *Central Indiana R. Co.* v. *Wishard* (1917), 186 Ind. 262, 114 N. E. 970. While the violation of such a statutory regulation does not conclusively establish negligence, it is *prima facie* evidence of negligence and places on the opposing party the duty of producing evidence to show a valid excuse for such violation. 5 Amer. Jur. § 657, p. 865; *Conder* v. *Griffith* (1916), 61 Ind. App. 218, 224, 111 N. E. 816. So, here, the burden was on the appellants to produce evidence of facts which would excuse Hebenstreit for driving on the left side of the center of the highway as he approached the Southwood automobile. The evidence fails to disclose any basis for an inference that there was any reason or excuse for Hebenstreit driving to the left of the center of the highway as he approached the Southwood automobile.

While ordinarily the question of proximate cause in a negligence case is a question of fact for the determination of the jury, if the facts are undisputed and are such that reasonable men could draw but one inference as to the proximate cause of the injury, then the question of proximate cause is a question of law for the court. *Pittsburgh, etc., R. Co.* v. *Sudhoff* (1910), 173 Ind. 314, 90 N. E. 467.

For the purpose of determining the issue of proximate cause, facts found by the jury, where the finding is supported by the evidence, are the same as uncontroverted facts. So, where an instruction in a negligence action tells the jury what the proximate cause is, if the jury finds from the evidence that certain facts are true, the instruction is not erroneous as invading the province of the jury on this

question if from such facts which the jury must first find, but one reasonable inference on the question of proximate cause could be drawn.

In the instant case, if the defendant Southwood was driving on his right side of the road and using due care and if the appellant Hebenstreit negligently ran the automobile he was driving into the Southwood automobile, and if "on account of and as a proximate result" of the collision between these two automobiles, the Southwood automobile was thrown against the automobile in which the appellee was riding, *injuring* her as alleged in the complaint, then from this combination of facts only one reasonable inference could be drawn by the jury on the issue of proximate cause. The negligence of Hebenstreit was the proximate cause of appellee's injuries.

Instruction No. 11 tendered by the defendant Southwood, defined "proximate cause" and then told the jury that "if after having considered all the evidence in the case you should believe that the plaintiff's injury, if any, would not have occurred but for the carelessness of the defendant, Hebenstreit, in driving to the south of the center line of said highway and to his left and thereby striking the automobile of the defendant, Southwood, and that such striking was the proximate cause of plaintiff's injuries, if any, and that such injuries were brought about solely on such account, then your verdict should not be against the defendant, Southwood, and he should be exonerated from liability in this case."

Appellants contend that this instruction invaded the province of the jury by asserting as a fact that appellants did a negligent act. While this is not a model instruction and, if standing alone might have been subject to misinterpretation by the jury, we do not

believe that in the instant case, with this instruction given immediately following instruction No. 10, the jury could have understood this instruction as a statement of fact by the court that the defendant Hebenstreit did negligently drive to the south of the center line of the highway thereby striking the Southwood automobile.

By its instruction No. 4 the court told the jury that the plaintiff would be entitled to recover if the jury finds "that the plaintiff has proved by a fair preponderance of all the evidence in the case the material allegations of her complaint, and that the plaintiff herself was free from fault on her part proximately causing or contributing to the injury complained of. . . ."

Appellants complain of this instruction on the theory that it would permit a recovery "on proof of material allegations without regard as to whether such allegations are negligence." Part of the material allegations of the complaint were that the appellants "carelessly and negligently" did certain things in driving and operating their automobile and that these acts, which they carelessly and negligently did, resulted in the injuries to the plaintiff. The instruction charged that the plaintiff must prove "the material allegations" of her complaint. As against the appellants this would necessarily include the material allegation that the appellants acted "carelessly and negligently," as charged in the complaint. This instruction is not subject to the criticism that it would permit a recovery on the proof of certain acts without proving that said acts were carelessly and negligently done.

By its instruction No. 10 the court informed the jury that the proof of any one or more of the acts of negligence charged in the complaint and that plaintiff's injuries were proximately caused thereby would entitle

the plaintiff to recover, if she was free of contributory negligence.

Appellants also complain of this instruction for the reason that it would permit a recovery without the jury having found that the alleged act constituted negligence and for the further reason that it would permit a recovery against appellants without showing that the negligent act was theirs. Considering all of the instructions given we do not believe that this instruction could have been misinterpreted by the jury in either of these particulars.

Appellants complain of the refusal of the court to give their instruction No. 14, which charged that if the injury to the plaintiff was the sole proximate result of the negligence of the driver of the automobile in which plaintiff was riding she could not recover. Since there was no evidence tending to show such negligence there was no error in refusing the instruction.

The last cause for a new trial presented by appellants was that the damages assessed by the jury were excessive. After examining the evidence concerning the injuries to the plaintiff, we cannot say that the amount of damages assessed by the jury was so large as to indicate that the jury in assessing the amount was motivated by prejudice, passion, partiality or corruption, or considered some improper element. *Citizens Tel. Co.* v. *Prickett* (1919), 189 Ind. 141, 125 N. E. 193.

The judgment is affirmed.

NOTE.—Reported in 37 N. E. (2d) 944.